PATRICK GORMLEY ET AL. *v.* ABEL H. POTTER ET AL.

1. Where an execution is levied on land which has been conveyed by the judgment debtor, with intent to defraud his creditors, the judgment creditor may maintain an action to set aside the fraudulent conveyance in order to effect a better sale of the property.

2. Whether the debtor, on the making of the conveyance, retained sufficient property to satisfy his creditors, is a proper subject of inquiry in determining the character of the conveyance. But if the conveyance is found to be fraudulent as to creditors, neither the debtor nor his fraudulent grantee can require the creditor to abandon his levy, on the ground that the debtor has other property which might have been taken by the creditor; nor is it necessary that the petition should aver that the debtor had not such other property.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Cuyahoga county.

The original petition was filed by Abel H. Potter and others, judgment creditors of Patrick Gormley, against said Patrick and Ann his wife, Edward Flynn, and the West Side Home and Loan Association.

The plaintiffs below having recovered a judgment against Patrick Gormley and one Edward Keegan, caused an execution issued thereon to be levied on the real estate described in the petition.

The petition avers, in substance, that with intent to defraud his creditors, Patrick Gormley had, previous to the levy, conveyed the premises to Edward Flynn, who, for the purpose of consummating the fraud, conveyed the same to the wife of Patrick. The West Side Home and Loan Association held a mortgage on the premises.

The object of the petition was to have the conveyances from Patrick to Flynn, and from Flynn to Patrick's wife, set aside, and the property sold free from all claims on account thereof, and to adjust the liens between the plaintiffs and the loan association.

The case was taken to the district court by appeal, where a decree was rendered, granting the plaintiffs the relief prayed for.

It is claimed that the petition is defective in not averring that the judgment debtor had no other real or personal estate subject to execution for the payment of the plaintiffs' judgment.

For this alleged defect, leave is asked to file a petition in error to reverse the judgment of the district court.

*W. H. Harvey*, for the motion.
*McKinney & Claskey*, contra.

WHITE, J. The ruling of the district court is correct. The mistake of the plaintiff in error is in regarding the original petition as in the nature of a creditor's bill to reach equities of the judgment debtor.

The action is not founded on section 458 of the code. In order to maintain an action under that section, it is neces-

sary to aver that the judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment.

The land in controversy was subject to levy on execution, and the levy upon it was properly made. The conveyance to Flynn by the judgment debtor, and by Flynn to the debtor's wife, having been made with intent to defraud creditors, was, as against the creditors, absolutely void. As respects the rights of creditors, the land was still the property of the judgment debtor, and subject to execution as fully as if the conveyance had not been made.

The petition was founded upon the fact that the land had been taken in execution, and had for its object the removal of the cloud cast upon the title by the fraudulent conveyance. The removal of this cloud was in the interest of both the debtor and the creditors by enabling the property to be sold at a better price. That a suit may be maintained for this purpose, has been several times declared by this court. Sockman v. Sockman, 18 Ohio, 366; Beaumont et al. v. Herrick, 24 Ohio St. 455, 456.

Whether, at the time of making the conveyance, the debtor retained sufficient property to satisfy his creditors, would be a proper subject of inquiry in determining the character of the conveyance.

But if the conveyance is found to be fraudulent as to creditors, and thus the property was properly taken in execution, neither the debtor nor his fraudulent grantee can require the creditor to abandon his levy, on the ground that the debtor has other property which might have been taken by the creditor. Westerman v. Westerman, 25 Ohio St. 500. Before a valid levy can be made on land, the goods and chattels of the judgment debtor subject to levy must be first exhausted by the officer having the execution. This is averred to have been done in the present case before the levy was made on the lands in controversy.

The case of Bomberger et al. v. Turner et al., 13 Ohio St. 264, relied on by the plaintiff in error, was an action

brought under section 458 of the code, to subject the equitable interest of the debtor in certain lands which had descended to his heirs, to the payment of a decree obtained against him in his lifetime. There had been no levy in that case, and it was averred in the petition that the conveyance was made in trust for the debtor. That case stands on a different footing from the present, and is no authority against the decision of the court below.

No question is before us as to the application of the proceeds of the sale of the property, under section 17 of the " act regulating the mode of administering assignments in trust for the benefit of creditors." S. & S. 397. And the decisions that have been made as to the effect of that section are not intended to be affected by this opinion. *Conrad* v. *Pancost,* 11 Ohio St. 685; *Thomas* v. *Talmadge,* 16 Ib. 433; *Jamison* v. *McNally,* 21 Id. 295.

*Leave refused.*