Williams, C. J.
It is not averred in the petition, that Irwin M. Gilruth was insolvent, either at the time of the conveyance to Mrs. Pixley, or when the partition, by which the property in question was set off to her, was effected. Nor is it averred, that he afterwards became insolvent, or that the property of which he died seised, is insufficient to pay his debts and the costs of administering his estate. The *387 alleged fraudulent character of the conveyance, rests upon the fact, that, on account of the hazard connected with the business in which the grantor was then engaged, he entertained the fear that he might become insolvent, which apprehension, turned out to be not well founded. The answer alleges, that Elkins, the principal creditor, is amply secured by mortgage executed by the grantor in his lifetime, on lands of which he died seised, and which are not embraced in the alleged fraudulent conveyance; and, that the personal estate in the hands of the administrator, is sufficient to pay all the other debts, and the costs of administration. These averments of the answer are admitted to be true. The question in the case, therefore, is, whether the administrator can, in such case, impeach the conveyance of his intestate, and subject the propertjr to sale, for the purpose of raising a fund with which to pay a creditor so secured, who, himself makes no complaint that the collection of his debt is in any way endangered or delayed by the conveyance.
The powers of administrators with respect to the real estate of the decedent, are derived, in this state, from statutory enactment. They have none by the common law. The administrator cannot, therefore, impeach the fraudulent conveyance of his intestate, except when authorized by statute. Benjamin v. Le Baron, 15 Ohio, 518. Our legislation on the subject, so far as .it is material to the question in hand, is contained in sections 6136, 6139, 6141, 6147 and 6171, of the Revised Statutes, which provide, in substance, that when the administrator shall ascertain that the personal estate is insufficient to pay the debts of the deceased, with the allowance for the year’s support for the widow and minor children, and the costs of administration, he shall apply to the proper court for authority to sell the real estate of the deceased. The petition in such cases must state the amount of the debts, and charges of administration, as nearly as they can be ascertained, and the value of the personal effects, and contain a description of the real estate which it is sought to sell. The real estate liable to be sold, includes that conveyed by the deceased with intent to defraud his creditors, provided, *388 that lands so conveyed, shall not be taken from a bona fide purchaser, and no claim can be made to any lands so conveyed, unless it is made within four years after the decease of the grantor.
When the lands, the sale of which is sought, are encumbered, the lien holders must be made parties. Process must be served upon them, and upon the widow and heirs of the deceased. If, upon the hearing, the court is satisfied that it is necessary to sell real estate of the deceased to pay his debts, it shall order so much thereof as may be necessary for that purpose, to be sold by the administrator; and, if it be represented in the petition, and shall appear to the court, that by the sale of a part, the residue of the estate, or some specific part or piece thereof would be greatly injured, the court may order a sale of the whole, or such part as the court shall think necessary, and most for the interest of all concerned.
The duty of the administrator is, to first apply the personal assets to the payment of the debts; and, if they prove sufficient, when the debts are paid, and the surplus, if any, is distributed as required by law, his duties are at an end. It is only when the personal assets are insufficient, that he is authorized to subject the real estate to sale; and then, only so much of it as may be necessary to pay the debts, can be sold, except, when the property is so situated that a .partial sale would be injurious to the residue. The surplus of the proceeds of the sale, remaining in the administrator’s bands on the final settlement of his accounts, is to be treated and disposed of, as realty.
It is well settled, that a conveyance made in fraud of creditors, is good between the parties. The title passes by the conveyance, subject only to the rights of the creditors. The law will not permit a party to establish his title by proof of his own fraudulent act. Nor, will the heir be heard to aver the fraud of his ancestor. Hence such conveyance cannot be avoided by the grantor, or his heirs, either at law or in equity. The statute which permits the sale, by an administrator, of lands which his intestate had conveyed in *389 fraud of his creditors, was not designed for the benefit of the heirs, or distributees of the estate. It was enacted solely in the interest of the creditors, whose remedy it advances, by enabling the administrator to accomplish in a single proceed ing, what formerly might require many actions, thus avoiding multiplicity of suits, and accumulation of costs, which, where the creditors are numerous, is a matter of importance.
The remedy afforded by the statute can properly be resorted to, only when necessary for the protection of the creditors; and therefore, a conveyance made by a debtor with intent to hinder and delay his creditors, cannot be impeached by his personal representative, unless the property so conveyed is actually required for the payment of his debts. The owner’s power of disposition over his property, cannot be questioned so long as adequate provision is made for his creditors. They, cannot complain of any disposition which neither hinders nor delays them in the collection of their debts, or otherwise injures them. The mere intention in making the disposition, avails nothing, if no wrongful or injurious results flow from it. Hence, we hold, that when the personal estate in the hands of an administrator is sufficient to pay the costs of administering the estate, and all the debts of the decedent, except such as are amply secured by mortgage executed by him in his lifetime, on lands, of which he died seised, an action cannot be maintained by the administrator to subject to sale, for the payment of the mortgage indebtedness, other lands, which the intestate had conveyed away with intent to hinder, delay and defraud his creditors. This conclusion is not, we think, at variance with Westerman v. Westerman, 25 Ohio St. 500, or Gormley v. Potter, 29 Ohio St. 597. In the former of these cases, the plaintiff was entitled, by subrogation, to enforce a vendor’s lien on the lands involved; and in the latter, the plaintiff had obtained a lien by levy of an execution. In both, the creditor was himself attacking the fraudulent conveyance, and had a specific lien on the property. The question in the last case was one of pleading simply.

Judgment affirmed.