# CHARLESTON·

HOFFMAN *v.* FLEMING *et ux.*

Submitted June 8, 1897—Decided Nov. 13, 1897.

1. EXECUTION—*Levy—Release of Surety.*

    A levy under an execution upon property sufficient to pay the debt operates as payment, unless facts appear to deprive it of that legal effect, and *a fortiori* operates to release a surety of the principal debtor whose property was so levied. (p. 763.)

2. FRAUDULENT CONVEYANCE — *Actions—Equity Jurisdiction.*
The statute against fraudulent conveyances gives the absolute right to a creditor to a suit in equity to annul a fraudulent conveyance; and he is not compelled first to subject other property of the debtor, by execution or otherwise.  (p. 764.)

Appeal from Circuit Court, Taylor County.

Suit by Benjamin F. Hoffman against James B. Fleming and others to set aside a deed. From a decree against them, James B. Fleming and his wife appealed.

*Reversed.*

JOHN W. MASON, for appellants.

BRANNON, JUDGE:

Hoffman obtained a judgment against J. M. Lake, James B. Fleming, and others, and sued out an execution, which was levied upon some personal property of J. M. Lake, the principal debtor. Fleming and his wife conveyed a tract of land to his brother-in-law, Marshall B. Lake, seven days after the execution of the note on which the judgment was based; and, three days later, Marshall B. Lake conveyed it to the wife of James B. Fleming. Afterwards a dwelling house was erected upon this land with means of the wife. Later, Hoffman brought this chancery suit, to set aside the conveyance from Fleming to Lake, and from Lake to Mrs. Fleming, alleging them to be fraudulent, because intended to defraud him of his debt, and claiming also that, as means of Fleming had erected the dwelling house upon the land, he could, on that score alone, subject the property to his debt. A decree was entered, finding that sufficient means of Fleming had been expended in the erection of the dwelling house to pay Hoffman's debt, and subjecting the land therefor; and Fleming and his wife appealed from that decree.

It is shown that personal property of the principal debtor was levied upon, of value sufficient to discharge the plaintiff's debt. It does not appear that it was sold, or what became of it; but the law says that a levy of an execution upon the debtor's property of value sufficient to pay the debt, is a satisfaction of it, unless circumstances

which .in law, defeat such effect are made to appear.
*McKenzie* v. *Wiley*, 27 W. Va. 658; *Campbell* v. *Wyant*,
26 W. Va. 702. Fleming was J. M. Lake's surety, and the
fact that such levy was made on personalty operates, under
the first-cited case and well-established principles of gen-
eral law, as release of the surety. It is well settled that,
after such levy, all right to any other suit is suspended.as
between the creditor and principal debtor, and certainly
it would be as to the surety. Freem. Ex'ns, § 269. This
suit was brought after that levy, and before any dispo-
sition of the property under it, so far as this record shows.
This could not be done. But, in fact, it operates a dis-
charge of the surety, in the absence of proof that it was
taken by superior claim, or other reasons shown to deprive
it of that legal effect. This decides the case. It is
claimed for Fleming that, as some property was placed by
the principal debtor in the hands of a co-surety as collat-
eral security for the debt, the creditor must first look to it.
If the conveyances are fraudulent, and as the husband
built the house, I do not think that the creditor would be
compelled to seek that property first. Parties in fraud
have no equities against the rights of the defrauded cred-
itor. The statute of fraudulent conveyances gives the
absolute right to such creditor to assault the conveyance
that removes his debtor's property from his pursuit. In
its eye, all property of the debtor is amenable to the pay-
ment of his debts. The debtor can not fraudulently re-
move it out of the reach of the ordinary legal process. If
he does, the statute grants the creditor the right to resort
to equity to remove the vicious conveyance out of his way.
Fraud is one of the recognized subjects of equity juris-
diction, and a very ancient foundation of its power. The
fraudulent debtor or his fraudulent alienee cannot tell the
creditor to look to other property, and excuse that which
has been wrongfully conveyed. They have no rights
which equity is bound to respect. *Horn* v. *Foundry Co.*,
23 W. Va. 522, and opinion; *Railroad Co.* v. *Soutter*, 13
Wall. 517; *Stout* v. *Mercantile Co.*, 41 W. Va. 339 (23 S.
E. 571); *Almond* v. *Wilson*, 75 Va. 613, 627; Wait, Fraud.
Conv. §§ 60, 192, and close of section 369. I am satisfied
that the circuit court was correct in holding that the ex-
penditure of the means of Fleming in the erection of the

house would justify the decree but for the fact that the levy upon the personal property operates as payment and release of the surety. On that ground, I conclude that the decree is wrong, and must be reversed, and the bill dismissed. I do not pass on the question of fraud in the conveyances. It is unnecesssary to do so.

*Reversed.*