HUMMELL *v.* SMALE.

1. FRAUDULENT CONVEYANCES — CONSIDERATION—EQUITY—ATTACH-MENT.

   Conflicting testimony in a suit to set aside an attachment levy considered, and *held*, to sustain the burden of proof resting on the complainant to establish the good faith and validity of the conveyance by judgment debtor to a member of his family. 3 Comp. Laws, § 10203 (5 How. Stat. [2d Ed.] § 12864).

2. EQUITY—QUIETING TITLE—JURISDICTION.

   Defendants in a suit to quiet title were in no position to object to the jurisdiction of the court of chancery when they had filed a cross-bill asking for affirmative relief and the annulment of a deed to complainant as fraudulent.

Appeal from Hillsdale; Chester, J. Submitted April 6, 1915. (Docket No. 4.) Decided June 7, 1915.

Bill by John H. Hummell against Winifred C. Smale and others to set aside an attachment levy.

From a decree for complainant, defendants appeal. Affirmed.

*Charles A. Shepard, B. E. Sheldon,* and *W. H. Richardson,* for complainant.

*Miles T. Davis,* for defendant trustee.

*William Scott Stewart, Merton Fitzpatrick,* and *Wilbur Grommon,* for defendants Smale.

BROOKE, C. J. The bill of complaint in this cause is filed for the purpose of annulling and setting aside an attachment levied upon a certain piece of real estate in the city of Hillsdale by defendants Winifred C. Smale and Julia S. Smale. The said attachment was levied by said defendants in an endeavor to collect a judgment which they had obtained against cross-defendants Charles H. Rowlson and Polly Rowlson. It appears that the complainant, a man nearly 80 years of age, is the father of cross-defendant Polly Rowlson and father-in-law of her husband, cross-defendant Charles H. Rowlson. It further appears that on December 23, 1912, the said complainant secured from his daughter and her husband, who owned the premises in dispute as tenants by the entirety, a deed conveying said premises for the expressed consideration of "$1 and other valuable consideration." It appears that prior to the execution of the deed to the complainant by the Rowlsons they had become indebted to the defendants Smale in the sum of about $2,000. Defendants Smale secured a judgment against cross-defendants Rowlson, causing a writ of attachment to be levied upon the lot in question in the city of Hillsdale on February 18, 1913. To the bill of complaint filed by the complainant, the defendants Smale filed an answer by way of cross-bill praying that the deed from the Rowlsons to complainant be declared fraudulent and void as against creditors,

and further that a sale of the premises might be decreed for the purpose of satisfying the judgment of defendants Smale against cross-defendants Rowlson. There is one other cross-defendant, William Zibell, trustee in bankruptcy for the Rowlsons, who, in case said deed is set aside, makes claim to the fund which would arise upon the sale of such property, as trustee for all the creditors of the Rowlsons. Early in the trial of the case counsel for defendants stated the issue as follows:

"Now, may it please the court, in this case, I want to make the further objection and observation at this time: That Mr. Hummell's deed here will be set aside if it was filed for the purpose of hindering and delaying creditors, or sustained if it was not. The fact that these judgment creditors should have subsequently gotten a discharge in bankruptcy would have nothing to do and would not be a defense for Mr. Hummel. That is none of his affairs. His deed should be sustained or rejected here. His deed should be sustained if the transaction was *bona fide,* and it should be rejected if it was not, that is, if it was filed for the purpose of hindering and delaying creditors."

The single question, therefore, presented for consideration upon this record is whether the transaction upon which complainant relies was made in good faith, or is so tainted with fraud as to require it to be set aside in the interest of creditors whose liens attached after the date of the conveyance attacked.

The complainant claimed that prior to the taking of the deed on the 23d day of December, 1912, he had advanced to his daughter and son-in-law various sums of money, which, including the amount paid in taxes on the property in question and to relieve it from an attachment then covering it, amounted to about $2,200. He testified at very great length upon cross-examination, and was supported in many important respects by the testimony of his daughter. Much

stress is laid by counsel for appellants upon some alleged inconsistencies and inaccuracies contained in his testimony. In weighing these it should be remembered that at the time the testimony was given, the complainant was a man nearly 80 years of age, obviously somewhat nervous and irascible. To discuss at large the testimony upon the subject would serve no good purpose. It is sufficient to say that after a careful examination we have no hesitation in agreeing with the conclusion of the learned trial judge, when he said:

"I believe that Mr. Hummell has stated the truth here, or stated the facts to be and the truth is that he has helped both Mr. and Mrs. Rowlson for quite a number of years, and it has been with the understanding that they were to repay him; and I think that the complainant, who is defendant to the cross-bill, has furnished or supplied the burden of proof here which shows that this was a *bona fide* transaction between him and Mr. and Mrs. Rowlson."

The court recognized that under the condition of the pleadings created by the filing of the cross-bill by defendants Smale and the answer thereto by the complainant, a situation has arisen which, under section 10203, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12864), after the introduction of the judgment by defendants Smale, cast the burden of showing the *bona fides* of the transaction, under which complainant claimed title, upon complainant. We believe the court to have been correct in holding that the burden was so sustained.

The contention of appellants that a bill will not lie to quiet title, where its purpose is to relieve property from an attachment levy is of no consequence. The defendants Smale by their cross-bill sought to have the deed to complainant set aside, and thus clothed the court with jurisdiction to make a final decree dis-

posing of the entire contention, even if such jurisdiction had been lacking under the bill as filed by complainant.

The decree is affirmed, with costs to be taxed.

McALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.