PIETRASZEWSKI v. ASIULEWICZ.

1. FRAUDULENT CONVEYANCES—BURDEN OF PROOF ON DEFENDANTS TO SHOW BONA FIDES OF TRANSACTION.
     In a suit to set aside a deed in aid of execution, the burden of proof is on defendants to show that the transaction between them was in all respects *bona fide*.

¹Fraudulent Conveyances, 27 C. J. §§ 142, 717.

2. SAME—EVIDENCE SUFFICIENT TO ESTABLISH BONA FIDES.
     In such suit, evidence on the part of defendants, *held*,
       sufficient to establish the *bona fides* of the transaction.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 7, 1927.   (Docket No. 53.)   Decided April 1, 1927.

Bill in aid of execution by Stan. C. Pietraszewski against Anthony Asiulewicz and others.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Stan. C. Pietraszewski, in pro. per.*

*Jankowski & Chamski,* for defendants.

SNOW, J.   Plaintiff, a practicing attorney, represented the defendant, Anthony Asiulewicz, in a divorce suit which resulted in a settlement and the resumption of marital relations between the parties.   Plaintiff sued his client for professional services and obtained a judgment against him, December 16, 1921, in the sum of $1,182.50, and costs.   A year thereafter he caused a levy to be made on two vacant lots, having a frontage of 40 feet on Michigan avenue.   These lots had been owned by Asiulewicz, but he had deeded them to his mother-in-law, defendant Augusta Smuczyuska, April 15, 1921, although the deed had not been recorded until January 24, 1922.   The bill was filed December 10, 1923, to set aside said deed in aid of execution. It was dismissed by the trial court, and plaintiff appeals.

It is impossible to see how the chancellor could have arrived at any other result.   The burden of proof was on the defendants to show the transaction between them was in all respects *bona fide.*   Act No. 215, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 12897); *Hum-*

[2]Fraudulent Conveyances, 27 C. J. § 770.

*mell* v. *Smale,* 186 Mich. 202; *Anderson* v. *Chapman,* 215 Mich. 88.    They clearly discharged this duty.

Mrs. Smuczyuska testified she bought the lots from her son-in-law in the spring of 1921, and paid him $7,000 in cash; that she had paid taxes on them since that time, and recently received from the city of Detroit for a part of the property four thousand and some odd dollars.    Defendant Asiulewicz claimed that he bought the property in question in 1912 for $1,800, and sold it to his mother-in-law for $7,000, receiving $4,900 in cash, the balance being the amount in which he was indebted to her.    His testimony was corroborated in all respects by his wife.    Emil Jaworowski, a real estate and insurance dealer, prepared the deed when the sale was made.    He testified it was in the spring of 1921, and that he saw actually turned over to Asiulewicz several thousand dollars in money, and heard the discussion of the balance of the purchase price being the cancellation of an indebtedness of the seller to the buyer.

Plaintiff, to offset this proof, testified that Asiulewicz had boasted that he deeded away this property just to deprive plaintiff of getting his money, and that Jankowski, defendant's brother-in-law, referring to plaintiff, had said: "We nearly threw him out of the furniture store."    This testimony was denied.    In addition, there was evidence to the effect that the property in question was worth in excess of the sale price.    But on this, too, there was conflict.    This was all.

It is conceded that his mother-in-law had given Asiulewicz and his wife at different times large sums of money, and there is no doubt but that he was indebted to her when he sold her these lots.    Many things are argued by appellant as showing ear marks of fraud, and as indicating that the transaction was not *bona fide.*    We have carefully considered them but they are not appealing.    We are convinced from the

record that the sale was a fair one, made in the ordinary course of trade, and that there was no intent whatever to dispose of the property to avoid payment of a judgment to plaintiff, which at that time, and for eight months thereafter, was not even in existence.

The decree of the lower court is in all respects affirmed, with costs.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.    BIRD, J., did not sit.