VAN E. PETERSON, RECEIVER, APPELLANT, v. CHARLES B. WAHLQUIST ET AL., APPELLEES.

FILED JULY 20, 1933. No. 28414.

*Butler & James, Stiner & Boslaugh* and *Edmund Nuss,* for appellant.

*R. O. Canaday* and *J. M. Turbyfill, contra.*

Heard before Goss, C. J., Rose, Good, Eberly and Day, JJ., and Begley and Meyer, District Judges.

Good, J.

This is a suit in the nature of a creditor's bill. Van E. Peterson, receiver of the Bank of Commerce at Hastings, is plaintiff and Charles B. Wahlquist and his wife, Estelle B. Wahlquist, are defendants. After the receiver exhausted the assets of the bank in partial payment of its

debts, unpaid claims of creditors aggregated $334,782.21. The debts were incurred while Charles B. Wahlquist owned 37½ shares of the bank's stock, each for $100. On his stockholder's liability to the amount of his stock, which the Constitution and the stock subscription imposed, plaintiff recovered a judgment against him January 20, 1930, for $3,750. Execution on the judgment was issued March 28, 1930, and returned wholly unsatisfied. Beginning March 29, 1923, the wife, through mesne conveyances of all her husband's real estate, without paying him any consideration, acquired the legal title to lot 7 and part of lots 8 to 12, inclusive, block 18, original town of Hastings, as described in the petition. The purpose of this suit is to subject this realty to the payment of the judgment.

This suit was defended on the grounds that the petition did not state facts sufficient to constitute a cause of action against defendants; that fraud was not pleaded; that intent to delay or defraud creditors in collecting their claims was not stated; that the bank was solvent when the husband parted with his title and when he had a right to make a gift to his wife; that his liability as a stockholder was contingent and did not become absolute until long after he transferred his realty in good faith without any fraudulent intent or reason to anticipate the future insolvency of the bank; that plaintiff is not such a creditor as is entitled to subject the realty to the payment of the judgment.

Upon a trial of the cause, the district court found the issues in favor of defendants and dismissed the action. Plaintiff appealed.

To justify the dismissal of the cause, defendants argue that the petition is fatally defective in failing to plead in direct terms active fraud, fraudulent intent and an absolute liability of the stockholder when he parted with title to his real estate. This position does not seem to be tenable. The petition pleads the husband's continuous ownership of the stock from a time earlier than his ex-

ecution of the deeds; his liability as stockholder; his conveyances without consideration; the insolvency of the bank; the insufficiency of assets to pay claims of creditors; the judgment on his liability as a stockholder; the return of an execution wholly unsatisfied; and the wife's title subject to the judgment. The petition alleges also that the husband owned real estate prior to March 29, 1923. The sheriff's return, in connection with other facts pleaded, shows that he had parted with the legal title to all his property before the execution was returned, thus depriving himself of all means to meet his contingent or resulting, absolute obligations to creditors of the bank.

Defendants attempted, by incorporating a demurrer in their answer, to challenge the sufficiency of the petition. Under the Nebraska Code, a demurrer is not a proper part of an answer, and should be disregarded. *Fidelity & Deposit Co. v. Parkinson*, 68 Neb. 319. Defendants further challenge the sufficiency of the petition by objecting to the introduction of any evidence. When first so attacked, the petition should be liberally construed. 49 C. J. 821.

The petition, in literal terms, does not charge fraud or fraudulent intent on the part of the grantor. It does charge that, without consideration, the husband voluntarily conveyed his realty to his wife at a time when he had existing creditors whose claims were subsequently reduced to judgment, execution issued and returned unsatisfied for the want of property whereon to levy.

This court has frequently held that a deed by a debtor to an immediate member of his family is presumptively fraudulent as to existing creditors, and in litigation between him and grantees on that issue the burden is on the vendee to establish the good faith of the transaction by a preponderance of the evidence. *Christensen v. Smith*, 123 Neb. 388, and cases therein cited. We think the petition, when liberally construed, states a cause of action, because it states facts which would entitle plaintiff to recover, unless defendants establish the *bona fides* of the transaction by a preponderance of the evidence.

Many of the cases cited and relied upon by defendants are inapplicable. Some relate to attacks made upon conveyances by subsequent creditors; others, where the debtor retained sufficient property at the time of the conveyance to satisfy the claims of then existing creditors; and still others, where the question was as to whether the consideration for the conveyance was adequate. In the instant case, the burden was cast upon defendants of establishing the *bona fides* of the transaction between them.

The record discloses, without dispute, that the conveyances were without consideration; that they included all of the debtor's property, save his bank stock, and that he stripped himself of property out of which the plaintiff could satisfy his claim. Under such circumstances, the conveyances were actually fraudulent as to existing creditors. It is suggested and argued that Mr. Wahlquist had a laudable motive for making the conveyances. The motive, under the circumstances, is not material. Where the obvious and probable consequence of a debtor's voluntary conveyance of his property is to strip himself of his property and render it impossible for his existing creditors to satisfy their claims, he cannot be heard to say that he did not intend to hinder, delay or defraud such creditors. He is conclusively presumed to intend the obvious and probable consequences of his voluntary acts, and where such acts result in preventing existing creditors from satisfying their claims out of his property, it is an actual fraud upon them, which he is conclusively presumed to have intended.

We will now determine whether the contingent liability of a bank stockholder for the amount of his stock, imposed by the Constitution and his subscription contract, makes depositors existing creditors, within the meaning of the rule that a voluntary conveyance of all of his property to his wife, without consideration, is fraudulent as to them. This liability was imposed by the Constitution to protect creditors and to create public confidence

in banks chartered by the state. It is by construction a part of the stockholder's contract of purchase of stock. The bank invited public patronage by reason of that liability. Depositors entrusted their money to the bank in reliance on it. If a stockholder, who enjoys the fruits of his investment in stock while the bank is prosperous, is permitted to escape his stockholder's liability by transferring all his property to his wife without consideration before dividends cease or the bank fails, the purpose of the Constitution and the protection of depositors may be thwarted with impunity. Neither law nor equity sanctions such a method of escaping constitutional or contractual obligations. Every fact essential to the claim of plaintiff, who stands in the shoes of creditors, was conclusively established by undisputed evidence. The record will admit of no other conclusion. Depositors were contingent creditors when the husband's deeds were executed and continuously thereafter, whether the stockholder's liability was constitutional or contractual or both. The rules applicable to the issues and facts have been stated as follows:

"Whoever has a claim or demand on a contract in existence at the time when a fraudulent conveyance is made is a creditor within the meaning of the statute, and the holder of a contingent claim is as fully protected by the statute as one that is absolute. Consequently liability as surety is as clearly within the statute as liability as principal. In cases of contingent liability, the liability, whenever happening, relates back to the date when it was originally incurred." 12 R. C. L. 492, sec. 25.

"Although there is some authority to the contrary and some doubt has been expressed as to the strict applicability of the rule, according to the weight of authority a contingent liability is as fully protected against fraudulent and voluntary conveyances as a claim certain and absolute, and whoever has a claim or demand arising out of a preexisting contract, although it may be contingent, is a creditor whose rights are affected by such conveyances and can avoid them when the contingency happens

upon which the claim depends." 27 C. J. 473. See, also, *Ames v. Dorroh,* 76 Miss. 187, 71 Am. St. Rep. 522; *Alston v. Rowles,* 13 Fla. 117; *Anderson v. Anderson,* 64 Ala. 403; *McLaughlin v. Bank of Potomac,* 7 How. (U. S.) 220, 12 L. Ed. 675; *Johnson v. Rutherford,* 28 N. Dak. 87; *Brownell v. Anderson,* 117 Neb. 652.

For the reasons stated, the conclusion is that plaintiff is entitled to a decree subjecting the real estate hereinbefore described to payment of the judgment in favor of the receiver for $3,750, interest and costs. For the purpose of granting that relief, the judgment below is reversed, and the cause remanded to the district court.

REVERSED.