## ASHBAUGH *v.* SAUER.

### KEELING *v.* SAME.

1. FRAUDULENT CONVEYANCES—PRESUMPTIONS—BURDEN OF PROOF.

   Presumption that deed of real estate was a conveyance in fraud of creditors prevails in trial to set it aside where plaintiffs made *prima facie* case by documentary evidence as prescribed by statute and defendants failed to sustain burden of proof that transaction was in all respects *bona fide* (3 Comp. Laws 1929, § 14617).

2. VENDOR AND PURCHASER—DEFAULT—OPTION OF VENDOR.

   Upon default, vendor in land contract may, at his option, treat the contract as continuing in force, sue for payments due and after securing judgment he is not compelled to resort to the vendee's equity before levying upon any other property of vendee.

3. FRAUDULENT CONVEYANCES—ATTORNEY AS CREDITOR.

   Attorney who performed services prior to alleged fraudulent conveyance *held*, creditor within meaning of fraudulent conveyances act, although he did not commence action and recover judgment therefor until after execution of such conveyance, since his status as creditor is determined as of date the cause of action arose (3 Comp. Laws 1929, §§ 13392, 13395, 13434).

4. APPEAL AND ERROR—ISSUE NOT PRESENTED BY EVIDENCE—HOMESTEADS—EXECUTION.

   Issue that property conveyed by deed alleged to be in fraud of creditors was homestead property, not presented by the evidence, need not be decided on appeal from decree setting aside conveyance of five city lots since homestead rights apply only to one lot not exceeding $1,500 in value and matter may be taken care of at execution sale (3 Comp. Laws 1929, § 14608).

Appeal from Oakland; Doty (Frank L.), J. Submitted June 13, 1934. (Docket No. 126, Calendar No. 37,917.) Decided September 18, 1934.

Separate bills in aid of execution by Murray M. Ashbaugh, receiver of First National Bank of Pontiac, and another and Ralph T. Keeling against Constance Sauer and Gerald H. Thompson. Cases consolidated. Decrees for plaintiffs. Defendants appeal. Affirmed.

*Pelton & McGee,* for plaintiffs.

*David E. Roberts,* for defendants.

EDWARD M. SHARPE, J. These cases were consolidated and seek by a bill in aid of execution to set aside as in fraud of creditors a deed given by defendant Constance Sauer to defendant Gerald H. Thompson, trustee.

Plaintiffs in the bank case are vendors in a land contract in which defendant Constance Sauer is the vendee. The vendee defaulted in her payments in June, 1931. Suit was brought for the defaulted payments and a judgment was obtained December 27, 1932, for $10,425. A levy was made January 14, 1933, on the five city lots described in the deed here involved. These are not the same premises as covered by the land contract.

Plaintiff in the Keeling case is an attorney at law who commenced suit against defendant Constance Sauer on August 19, 1932, for services rendered from December 1, 1930, to September 1, 1931. Judgment was rendered in favor of plaintiff on March 22, 1933, for $1,182.50. Levy was made on this judgment April 19, 1933, on the same property as levied on by the judgment creditor in the first suit. Prior to either levy and on May 24, 1932, the defendant Constance Sauer had given a quitclaim deed on the five city lots to defendant Gerald H. Thompson, trustee. This deed was part of a living trust agree-

ment made by Constance Sauer for the benefit of her sons.

On the trial of the suits to set aside the deed as a fraudulent conveyance, the plaintiffs introduced documentary evidence to support their cases. The defendants offered no evidence, but in their answer admitted that defendant Constance Sauer owned no other substantial property subject to execution.

The circuit court held that plaintiffs had made a *prima facie* case of a fraudulent transfer and, as defendants had produced no evidence of a valuable consideration for the deed of May 24, 1932, or any evidence of solvency at the time the deed was given or at the time of the trial, ordered that the deed be set aside and that plaintiffs have execution upon the lands in question.

The defendants claim in the bank case that the defendant Constance Sauer is still the owner of the vendee's equity in the land contract (which has not been foreclosed), and that the bank must levy on this equity before resorting to other property of the defendant.

In the Keeling case it is the claim of defendants that plaintiff was not determined to be a creditor until judgment was rendered, which was approximately 10 months after the conveyance complained of was made.

Section 13434, 3 Comp. Laws 1929, provides:

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and any charge upon lands, goods or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond

or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, as against the persons so hindered, delayed or defrauded, shall be void.''

Section 13395, 3 Comp. Laws 1929, provides:

''Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation incurred without a fair consideration.''

Section 14617, 3 Comp. Laws 1929, provides:

''All the real estate of any debtor, including legal and equitable interests in lands acquired by the parties to contracts for the sale and purchase of lands, whether in possession, reversion or remainder, including lands fraudulently conveyed, with intent to defeat, delay or defraud his creditors, and the equities and rights of redemption hereinafter mentioned, shall be subject to the payment of his debts, liabilities and obligations, and may be levied upon and sold on execution as hereinafter provided. In all suits begun or hereafter to be begun by the filing of bills in aid of execution, the complainant shall make a *prima facie* case by introducing in evidence the judgment against the principal defendant, the execution with the levy or levies thereon indorsed and proof of the conveyance or conveyances complained of. The burden of proof shall then be upon the judgment debtor, or the person or persons claiming through or under him or the person or persons whom it is claimed are holding property in trust for said judgment debtor to show that the transaction or transactions are in all respects *bona fide* or that such person or persons are not holding as a trustee or trustees of said judgment debtor.''

The statute putting the burden of proof on defendant was construed and applied by this court in *Corbett* v. *Williams,* 248 Mich. 541.

Under 3 Comp. Laws 1929, § 14617, after the showing made by the plaintiffs in these cases, it became the duty of defendants to show that the transaction was in all respects *bona fide.* This the defendants failed to do. No consideration or other evidence of good faith having been shown, the presumption that the conveyance was fraudulent prevails.

Upon default, the vendor in a land contract may at his option treat the contract as continuing in force and sue for payments due. *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448. Under this rule, the plaintiffs in the first case could, after securing judgment, levy upon any property of the vendee and not be compelled to resort to the vendee's equity in the land contract. *First National Bank of Petersburg, Ill.,* v. *Shipley,* 109 Cal. App. 194 (292 Pac. 996); *Greene* v. *Wilson,* 90 Col. 562 (11 Pac. [2d] 225); *Botsford* v. *Beers,* 11 Conn. 369; *Weightman* v. *Hatch,* 17 Ill. 281; *Hughes* v. *Noyes,* 171 Ill. 575 (49 N. E. 703); *Spooner* v. *Travelers Ins. Co. of Hartford,* 76 Minn. 311 (79 N. W. 305, 77 Am. St. Rep. 651); *Peaslee* v. *Ridgway,* 82 Minn. 288 (84 N. W. 1024); *Dalton* v. *Barron,* 293 Mo. 36 (239 S. W. 97, 22 A. L. R. 187); *Daggs* v. *McDermott,* 327 Mo. 73 (34 S. W. [2d] 46); *Smith* v. *Muirheid,* 34 N. J. Eq. 4, reversed on other grounds; *Muirheid* v. *Smith,* 35 N. J. Eq. 303; *Gormley* v. *Potter,* 29 Ohio St. 597; *Hoffman* v. *Fleming,* 43 W. Va. 762 (28 S. E. 790).

As to the second case, plaintiff's legal services were performed between December 1, 1930, and September 1, 1931. The conveyance in question was made May 24, 1932. On August 19, 1932, plaintiff

started suit against Mrs. Sauer on an implied contract and recovered judgment March 22, 1933.

The fraudulent conveyance statute defines "creditor" as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." 3 Comp. Laws 1929, § 13392.

One who has a tort claim is a creditor from the date of the tort. *Morse* v. *Roach,* 229 Mich. 538; *Dutcher* v. *Van Duine,* 242 Mich. 477; *Iden* v. *Huber,* 259 Mich. 3 . Similarly, any liability is considered as existing from the date the cause of action arose.

"Whoever has a claim or demand on a contract in existence at the time when a fraudulent conveyance is made is a creditor within the meaning of the statute, and the holder of a contingent claim is as fully protected by the statute as one that is absolute. Consequently liability as surety is as clearly within the statute as liability as principal. In cases of contingent liability, the liability, whenever happening, relates back to the date when it was originally incurred." 12 R. C. L. p. 492, § 25, quoted in *Peterson* v. *Wahlquist,* 125 Neb. 247, 252 (249 N. W. 678, 89 A. L. R. 747).

It is therefore quite clear that the plaintiff in the second case must be considered a creditor as of the time of the conveyance and therefore protected by the fraudulent conveyance act. The status of creditor is determined, not as of the date of judgment, but as of the date the cause of action arose.

Defendant raises in her brief an issue not presented by the evidence, that is, that the land in question is a homestead. If it is homestead, it can be such only to the extent of one lot not exceeding $1,500 in value (3 Comp. Laws 1929, § 14608). This

is a question that need not be decided now, but may be taken care of at the execution sale.

Both decrees will be affirmed, with costs to the plaintiff in each case.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.