## COLTER *v.* SALOW.

1. FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION—BURDEN OF PROOF.

    After plaintiffs, in suit commenced by bill in aid of execution, have shown judgment against principal defendants with indorsement of levies thereon and proved conveyances complained of, burden of proof of *bona fides* of such transaction is then upon defendants (3 Comp. Laws 1929, § 14617).

2. SAME—EVIDENCE.

    Evidence in suit commenced by bill in aid of execution *held*, to show defendant grantors' conveyances were made with actual intent to hinder and defraud plaintiff judgment creditors (3 Comp. Laws 1929, § 14617).

3. SAME—CORPORATIONS—PREFERENCES—CREDITORS.

    While a debtor may create a preference among his creditors through formation of a corporation, the use of a corporate structure or other device does not alter consequences of hindering, delaying or defrauding creditors.

4. SAME—PREFERENCE TO INNOCENT CREDITORS—CORPORATIONS.

    Fact that debtors in forming corporation to whom they conveyed property in fraud of creditors delivered stock to innocent creditors *held*, not to relieve transaction from taint of fraud nor accord such stockholder any relief where he failed to strike out for himself and intervene in the case.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 2, 1936. (Docket No. 4, Calendar No. 38,791.) Decided September 2, 1936.

Bill in aid of execution by Thomas A. Colter and another against Louis F. Salow and wife and Salow Farms, Inc., a Michigan corporation. Decree for plaintiffs. Defendants appeal. Affirmed.

*Burke & Burke (Joseph Zwerdling,* of counsel), for plaintiffs.

*John P. Kirk,* for defendants.

FEAD, J. This is a bill in aid of execution. Plaintiffs had decree.

April 10, 1933, plaintiffs had judgment for $6,135.68 against Louis and Grace Salow. The only property of defendants apparently possessing a net value was the real estate here involved and owned by them by the entireties. Levy was made on it July 21, 1933.

April 18, 1933, defendants Salow caused a corporation, Salow Farms, Inc., to be organized and, on the same day, conveyed the premises to it. The capital stock was $7,000, with 70 shares of $100 par value each; 18 shares were issued to Louis Salow, 15 to Grace, 2 to their attorney and 1 to the secretary of the corporation for services in connection therewith and the balance to their claimed creditors, including their son and daughter and others, one of them Wellington Roberts. Afterward Salow turned over to other claimed creditors most of his shares and Mrs. Salow transferred hers to her son.

Plaintiffs claimed the formation of the corporation and transfer of real estate to it were with the intent to hinder, delay and defraud creditors. De-

fendants contended the transaction was lawful and the shares were issued to *bona fide* creditors as security for actual debts owed them by defendants Salow.

Defendants had the burden of proof of the *bona fides* of the transaction. 3 Comp. Laws 1929, § 14617; *Ashbaugh* v. *Sauer,* 268 Mich. 467; *Detroit & Security Trust Co.* v. *Gitre,* 254 Mich. 66.

The testimony is convincing that the transaction was conceived and conducted by Salow with actual intent to hinder and defraud plaintiffs. Aside from expressions indicating such intent, he tried to divert insurance money due him, to the corporation to escape plaintiffs' claim; and, with the possible exception of Roberts, the persons to whom the stock was issued as security were not shown to have been *bona fide* creditors by credible evidence.

There is no doubt but that a debtor may create a preference among his creditors even though it be through formation of a corporation. *Scripps* v. *Crawford,* 123 Mich. 173; *Harnau* v. *Haight,* 209 Mich. 604. But the use of a corporate structure or other complicated device does not alter the consequences of hindering, delaying or defrauding creditors. *Brown, Eager & Hull Co.* v. *Mosier,* 187 Mich. 55; *Johnson* v. *Cook,* 179 Mich. 117.

The only complication in this case is that there may be innocent creditors, notably Roberts. This court has not passed upon the precise question. We think the reasoning in *Matchan* v. *Phœnix Land Inv. Co.,* 159 Minn. 132 (198 N. W. 417), is persuasive. Among other things, the court said:

"The fraudulent organizer of a corporation, intending to conceal his property from his creditors, cannot disinfect and immunize his work by admitting to its expected benefits one or more favored

ones among his creditors. The corporation does not rid itself of guilt and its results simply by admitting one or more innocent stockholders. That would indeed be an easy and convenient method of perpetrating fraud. It is not permissible on any ground. Wrongdoers cannot escape justice because their associates are not all bad."

If an innocent creditor had intervened in the suit and were seeking protection of his rights as such creditor, he would be entitled to such relief as would be equitable under the circumstances. But the parties before us are the debtor grantors and the corporate grantee, both guilty of hindering, delaying and defrauding creditors. An innocent stockholder who does not strike out for himself by intervention is represented only by the corporation and is subject to its status and disabilities.

Decree affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.