E. H. LUIKART, RECEIVER, APPELLEE, V. A. B. DETWEILER ET AL.: JOHN J. FOSSLER, APPELLANT.

276 N. W. 395

FILED DECEMBER 10, 1937. No. 30108.

*Fischer, Fischer, Fischer & Fischer*, for appellant.

*F. C. Radke, Hastings & Hastings* and *W. C. Conover*, contra.

Heard before Goss, C. J., Rose, Eberly, Day, Paine, Carter and Messmore, JJ.

Day, J. ·

This is an equitable suit to declare fraudulent and set aside deeds and a mortgage on a quarter-section of land in Perkins county. The trial court canceled the deeds and mortgage. The mortgagee, Fossler, alone appeals.

A. B. Detweiler, the owner of seventy-four (74) of one hundred and fifty (150) shares of the stock, was the president and managing officer of the German Bank of Millard. The bank was insolvent, and on May 22, 1931, it closed, and Luikart was appointed its receiver. As such receiver he recovered a judgment in January, 1932, in Douglas county in the sum of $7,341.51, based upon the stockholders' double liability by the ownership of stock, against Detweiler. This judgment was transcripted to Perkins county on March 17, 1936. On March 1, 1935, Detweiler and his wife conveyed this property to another, who, at the same time, conveyed this property to the wife, Corrine A. Detweiler. The court found these deeds to be executed and delivered without any consideration, and wholly null and void as against creditors, of which the receiver of the German Bank of Millard is one. There was no appeal taken from this finding, the appellant admits the facts, and the legal title is now in A. B. Detweiler. The appellant's mortgage, which is the subject of the contro-

versy here, was executed by Detweiler and his wife on April 1, 1931, and the bank closed following that date on May 22, 1931.

The law applicable to this case is well settled in this state. There is a serious dispute in the record upon the question of consideration for the mortgage. The appellant contends that there was consideration for the mortgage of $6,400, while the appellee asserts there was no consideration. This was a disputed question of fact for determination.

Fossler contends that the note secured by mortgage is a renewal of preexisting indebtedness. Both Fossler and Detweiler testify that this is the fact. This testimony is not corroborated by any disinterested witness, or by any documentary evidence. Some notes are introduced in evidence which are said to evidence a preexisting indebtedness incurred when Detweiler borrowed money from Fossler. If we accept them, Detweiler was borrowing money from Fossler at 6 per cent., while Fossler, for a long period of years, was borrowing money from the bank of which Detweiler was president at 8 per cent. The trial judge found that this was "a circumstance so anomalous and contrary to the usual method of doing business as to challenge the integrity of the transaction." Fossler owed the bank as much as $4,000 from 1920 to 1930. It was during this period, ending in 1927, that Detweiler incurred this indebtedness.

Except a series of notes introduced in evidence to justify the note merging them in one, secured by this real estate mortgage, all of the bank checks and all the accounts bearing upon the transaction were destroyed. In the ordinary business transaction so much money leaves indelible traces. This $6,400 was merged without any traces in the note secured by a mortgage on this land.

Fossler was not a man of great means. He did not own his home, nor his office building in a small town, and his financial condition was not such that he would be likely to loan money to such an extent.

These are substantially the reasons given by the trial judge who heard the witnesses and their manner of testifying in finding that the mortgage was given without any consideration, and that it was canceled of record because in fraud of creditors.

There is also evidence that Detweiler employed the attorney and arranged for the execution of this mortgage. His attorney represented the appellant, Fossler, in this suit. There is ample evidence supporting the petition of the appellee, Luikart, in this case. No good purpose will be served by a lengthy recital of the evidence. The law applicable to the facts outlined is now stated:

The contingent liability of a stockholder of a state bank makes depositors "existing creditors" entitled to attack a voluntary conveyance. *Peterson v. Wahlquist,* 125 Neb. 247, 249 N. W. 678.

In a suit to cancel a mortgage because executed to defraud creditors, the question of the intent of the parties is one of fact. *Adler & Sons Clothing Co. v. Hellman,* 55 Neb. 266, 75 N. W. 877.

Intent to make a mortgage to defraud creditors may be established by proof of facts from which such inferences may reasonably be drawn. *Peterson v. Wahlquist, supra.*

The facts in this case as determined by this court, in an identical opinion with that of the trial court, make these well reasoned rules applicable. The Detweilers mortgaged their property, and there was a subsequent transfer from A. B. Detweiler to his wife, Corrine A. Detweiler, without any consideration, to hinder and delay his creditors. If the plan had succeeded, the creditors of A. B. Detweiler would have been defrauded. The laudable motives asserted do not make a fraudulent transfer valid, if a debtor's voluntary transfer renders it impossible for existing creditors to satisfy their claim. Only because of the passionate appeal of the attorney for the appellant at the bar of this court do we notice the claim that, in two cases consolidated, the trial court, on the same evidence, found differently in each case. While the other matter, not having been

appealed, is not before us for determination, the record discloses that there was vastly different evidence as to the matter of consideration between the parties. The judgment of the trial court is that of this court.

AFFIRMED.