## EMERY *v.* TANT.

1. FRAUDULENT CONVEYANCES—PRIMA FACIE CASE—BURDEN OF PROOF.

   In suit commenced by bill in aid of execution, when the attacking judgment creditor has made his *prima facie* case by introducing in evidence the judgment against the principal defendant, the execution with levies indorsed thereon, and proof of conveyances complained of, the burden of proof is then upon the judgment debtor or those claiming under him to show that the transaction was in all respects *bona fide* (3 Comp. Laws 1929, § 14617).

2. SAME—BURDEN OF PROOF.

   In suit commenced by bill in aid of execution, wherein circuit court commissioner, after plaintiff had made out his *prima facie* case, found that defendants presented convincing evidence which met and rebutted presumption raised by plaintiff's proofs and that thereafter burden was upon plaintiff to make out a case and that plaintiff did not sustain burden of proving principal defendant's insolvency, such finding was

erroneous and required vacation of decree based on commissioner's recommendation that relief be denied (3 Comp. Laws 1929, § 14617).

3. SAME—BURDEN OF PROOF—INSOLVENCY—EVIDENCE.

In suit commenced by bill in aid of execution, defendant failed to sustain his burden of showing bona fides of conveyance or solvency at time of questioned conveyance to himself and wife of lots which he had purchased in his own name and paid for out of his own money by his own vague, unsatisfactory testimony unsupported by market reports, records or books of account except a statement he had given a bank or by testimony of disinterested witnesses (3 Comp. Laws 1929, § 14617).

4. EXECUTION—ATTACK OF LEVY.

The usual and proper method of attacking a levy is by motion to quash it in the court under whose writ it is made, where such course will furnish adequate relief.

5. CREDITORS' SUIT—INJUNCTION—PLEADINGS—EVIDENCE.

In suit commenced by bill in aid of execution in which defendants did not seek, but were granted, injunctive relief against levy on lots purchased at the same time and circumstances as those whose conveyance to judgment debtor and wife was questioned, injunction is set aside where neither pleadings nor proofs show levy on such other lots was made or threatened as issuance of such injunction is not supported.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 7, 1940. (Docket No. 50, Calendar No. 41,178.) Decided December 10, 1940.

Bill in aid of execution by Harvey C. Emery, liquidating trustee for Union Guardian Trust Company, against Walter F. Tant and wife. Decree for defendants. Plaintiff appeals. Reversed and remanded.

*Harry H. Platt*, for plaintiff.

*Edmund M. Sloman*, for defendants.

BUSHNELL, C. J. Defendant Walter F. Tant was one of the indorsers of a note of Ecorse Road Land

Company, which had been given to plaintiff's predecessors. Suit was begun against Tant after default upon this note. This suit was settled and Tant gave a new note in part settlement of his obligation on the old one. Later, suit was brought on the new note by plaintiff's predecessor, Union Guardian Trust Company, and a judgment was obtained against Tant. After execution was returned unsatisfied, a levy was made against three lots in Gratiot township, the record title of which stood in the names of Tant and his wife as tenants by the entirety. Tant had purchased these lots on a land contract, running to himself alone, and he alone paid the purchase price. When the time came to have a deed issued, Tant had the vendor deed the lots to himself and wife.

Plaintiff's bill in aid of execution was referred to a circuit court commissioner for the taking of testimony, who reported that, at the time of the conveyance to Tant and wife, Tant was solvent and the transaction was in all respects *bona fide*. The commissioner's conclusions of law were that, after plaintiff had made a *prima facie* case, Tant introduced convincing evidence that met and rebutted the presumption raised by plaintiff's proofs, and that the burden thereafter was upon plaintiff to make out a case, and that plaintiff did not sustain the burden of proving Tant's insolvency. The recommendations of the commissioner were adopted in a decree denying plaintiff relief, from which he appeals.

The pertinent provision of the applicable statute, 3 Comp. Laws 1929, § 14617 (Stat. Ann. § 27.1581), reads:

"In all suits begun or hereafter to be begun by the filing of bills in aid of execution, the complainant shall make a *prima facie* case by introducing in evidence the judgment against the principal defend-

ant, the execution with the levy or levies thereon indorsed and proof of the conveyance or conveyances complained of. The burden of proof shall then be upon the judgment debtor, or the person or persons claiming through or under him or the person or persons whom it is claimed are holding property in trust for said judgment debtor to show that the transaction or transactions are in all respects *bona fide* or that such person or persons are not holding as a trustee or trustees of said judgment debtor."

This language has been uniformly construed to mean that when the attacking judgment creditor has made his *prima facie* case the burden is on the judgment debtor to show that the transaction was in all respects *bona fide*. *Pietraszewski* v. *Asiulewicz*, 237 Mich. 681; *Kalamazoo City Savings Bank* v. *Donovan*, 238 Mich. 386; *King* v. *Comstock*, 245 Mich. 156; *Detroit & Security Trust Co.* v. *Gitre*, 254 Mich. 66; *Haight* v. *Reynolds*, 257 Mich. 11; *Ashbaugh* v. *Sauer*, 268 Mich. 467; *Colter* v. *Salow*, 276 Mich. 607; *Northern Hardware & Supply Co.* v. *Anderson*, 279 Mich. 159; and *Albers* v. *Taft*, 287 Mich. 283.

Because of the erroneous holding by the circuit court commissioner that the "burden thereafter was upon the plaintiff to make out a case," the decree adopting his recommendations must be vacated.

The testimony of Tant was considered by the circuit court commissioner and the circuit judge when he adopted the commissioner's conclusions of fact and law in the light of an erroneous conception of the statute (section 14617). We have reviewed the testimony in the light of the statute as applied in the cases above cited. Tant's testimony was vague and unsatisfactory. No records or books of account were produced, except a copy of a statement he gave the bank in January, 1933. The values placed by Tant upon his real-estate holdings and other investments

were based on his own opinion, unsupported by any disinterested witnesses or market reports, and, as such, can carry but little weight as to his net worth or solvency at the date of the conveyance in question.

We must conclude as the court did in *Albers* v. *Taft, supra,* that plaintiff made out a *prima facie* case which "was not shaken by the testimony of the defense."

Defendant did not sustain the statutory burden of proof by showing that the transaction in question was *bona fide.*

Among the findings of fact by the circuit court commissioner, which were affirmed by the circuit judge, was a finding that defendants took title to three other lots in the city of Detroit at the same time and under the same circumstances as those involved in this case. The trial judge enjoined plaintiff from levying on the Detroit lots.

In *Jensen* v. *Oceana Circuit Judge,* 194 Mich. 405, the court stated that:

"The usual and proper method of attacking a levy is by motion to quash it in the court under whose writ it is made, where such course will furnish adequate relief * * * and along the same line it was held in *Campau* v. *Godfrey,* 18 Mich. 27 (100 Am. Dec. 133), that one who complains of a levy upon his property should move for relief in the court which issued the execution rather than by a bill in equity."

In the instant case it does not appear from the record that defendant sought the relief which was granted by the injunction. Neither the pleadings nor the proofs show that any levy on the Detroit lots was made or threatened. There is nothing to support the issuance of the injunction.

The decree is vacated and one may be entered here in accordance with this opinion. Costs to appellant.

Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.