FUNK *v.* ENGEL.

SAME *v.* SAME.

1. Trusts—Parol Trust May be Created in Personalty But Not in Realty—Parol Testimony.
   A trust in personal property may be created by parol, but a trust in lands may not be so created (3 Comp. Laws 1915, § 11975), and, therefore, while parol testimony is admissible to establish a trust in personal property, it is not admissible to establish a trust in lands.[1]

2. Same—Mutual Mistake—Equity.
   Where there was no mutual mistake in attempting to create a parol trust in lands justifying the interposition of a court of equity, the fact that the grantor mistakenly accepted the trustee's parol promise is not sufficient.[2]

[1]Trusts, 39 Cyc. pp. 46, 51, 81, 82; [2]Id., 39 Cyc. p. 171.

3. SAME — FRAUD — TRUSTEE'S BREACH OF ORAL PROMISE TO DO
   CERTAIN ACTS IN FUTURE NOT FRAUD—EQUITY.

> Nor is the fact that the trustee of land under parol trust
> breached his promise to do certain acts in the future,
> standing alone, fraud sufficient to justify the intervention
> of a court of equity.[3]

Appeals from Wayne; Mandell (Henry A.), J.    Submitted April 27, 1926.    (Docket Nos. 80, 81.)    Decided June 7, 1926.

Bill by Louis H. Funk and others against August K. Engel and another to set aside a deed.

Bill by Louis H. Funk, special administrator of the estate of Berthold Mueller, deceased, against August K. Engel and another to set aside a transfer of a joint bank account.    From a decree for plaintiffs, defendant Engel appeals.    Reversed, and bill dismissed as to the deed, and affirmed as to the bank account.

*Smalzreidt, Frye & Granse,* for plaintiffs.

*Ralph S. Moore,* for appellant.

FELLOWS, J.    While these two cases were not consolidated by an order of court, they were heard together upon the same testimony, and one decree was entered covering the subject-matter of both cases.    We shall dispose of them in one opinion.    Berthold Mueller was about 73 years old at the time of his death.    His wife died about a year and a half before he did.    They had no children.    He had two sisters, Mrs. Funk and Mrs. Muhsfeld, and two nephews, sons of a deceased brother.    Mrs. Mueller had a sister, Mrs. Becker, and a brother, defendant August K. Engel.    Mr. Mueller owned his home worth $5,000 or $6,000 and had upwards of $2,500 in the bank.    His fatal illness lasted about two weeks.    During such

[3]Trusts, 39 Cyc. p. 178.

illness he deeded by straight warranty deed the home to his brother-in-law Engel and placed his bank account in their joint names with right of survivorship. Case No. 32,450 assails the transfer of the real estate and case No. 32,451 assails the transfer of the money in the bank. In both cases mental incapacity and undue influence were alleged. The proofs do not support either claim and they were not seriously urged in the trial court. The trial judge found that both the real estate and the money were transferred to Engel in trust, one-half to be divided among Mr. Mueller's relatives and the other half to be divided among Mrs. Mueller's relatives, and entered a decree requiring him to account as such trustee.

If we consider the parol testimony in the case we would find no difficulty in agreeing with this finding of fact. Deceased had for a long time intended to leave to his relatives one-half of his property and to his wife's relatives the other half, stated that he was transferring it to Engel to be by him so divided, and we entertain no doubt that defendant Engel received it with that understanding and agreed to carry out such arrangement. Our difficulty in granting relief in both cases, however, grows out of the fact that while a trust in personal property may be created by parol and we may, therefore, consider the parol testimony in the case involving the money, a different rule obtains as to real estate. A trust in lands may not be created by parol (3 Comp. Laws 1915, § 11975; *Renz* v. *Stoll*, 94 Mich. 377 [34 Am. St. Rep. 358]; *Longe* v. *Kinney*, 171 Mich. 312; *In re Bush's Estate*, 199 Mich. 192; *Brender* v. *Stratton*, 216 Mich. 166 [22 A. L. R. 728]); hence parol testimony is not admissible to establish such trust and should not be considered over objection which was properly made in the instant case.

There was no mutual mistake justifying the inter-

position of a court of equity.    Doubtless deceased mistakenly accepted defendant's parol promise but that is not sufficient.    Nor is there evidence of fraud in the case sufficient to grant relief on that ground.    Defendant's breach of his promise to do certain acts in the future is not, standing alone, fraud.    *Boston Piano & Music Co.* v. *Pontiac Clothing Co.*, 199 Mich. 141.

It follows that the portion of the decree granting the relief prayed in case No. 32,450 must be reversed and the bill in that case dismissed with costs to defendant.    That portion of the decree granting the relief prayed in case No. 32,451 must be affirmed, with costs of that case to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.