## CORBETT *v.* WILLIAMS.

1. FRAUDULENT CONVEYANCES—PRIMA FACIE CASE—BURDEN OF PROCEEDING—PRESUMPTION.

   In creditor's suit to reach property claimed to have been fraudulently conveyed, under Act No. 215, Pub. Acts 1917, amending 3 Comp. Laws 1915, § 12897, creditor makes *prima facie* case by introducing in evidence judgment against debtor, execution and levies, and conveyance complained of, and burden of proceeding is then on judgment debtor or those claiming under him to show *bona fides* of transaction.

2. SAME—PRESUMPTION VANISHES ON COMING IN OF POSITIVE EVIDENCE.

   *Prima facie* showing of judgment creditor under said act is not evidence that conveyance was fraudulent, but is merely presumption created for purpose of placing on judgment debtor burden of proceeding, and vanishes on coming in of positive evidence of good faith.

3. SAME—EVIDENCE SUFFICIENT TO ESTABLISH BONA FIDES OF TRANSACTION.

   In suit by judgment creditor of husband to set aside as fraudulent conveyance to husband and wife by entireties, undisputed evidence showing that, at time conveyance was so taken, husband was not indebted to creditor and was

---

On constitutionality of statute or ordinance making one fact presumptive or prima facie evidence of another, see annotation in 51 A. L. R. 1139.

solvent, was sufficient to establish *bona fides* of conveyance, and presumption created by statute (Act No. 215, Pub. Acts 1917), on *prima facie* showing by creditor, vanished.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 9, 1929. (Docket No. 32, Calendar No. 34,450.) Decided December 3, 1929.

Bill in aid of execution by Edward J. Corbett against Edward and Flora Williams. From a decree for defendants, plaintiff appeals. Affirmed.

*Kinnane & Leibrand,* for plaintiff.

*E. M. Sharpe,* for defendants.

McDONALD, J. This is a bill in aid of execution and is filed under 3 Comp. Laws 1915, § 12897, as amended by Act No. 215, Pub. Acts 1917. On May 4, 1926, the plaintiff obtained a judgment for $1,633.99 against Edward Williams, one of the defendants. Execution was issued and levy made on two parcels of land, the title to which was in Edward Williams and Flora Williams by the entireties. They obtained their title through the foreclosure of a mortgage given to secure a loan of money which was a part of the proceeds from the sale of a farm the title to which stood in the name of Edward Williams alone. At the foreclosure sale, the property was bid in by the defendants, and the sheriff's deed conveyed title to them by the entireties. It is the plaintiff's claim that Flora Williams had no interest in the property, and that Edward Williams caused the title to be placed in their joint names solely for the purpose of defrauding his creditors. For these reasons the plaintiff filed his bill to have the sheriff's deed set aside, the property sold, and the proceeds

paid to him in satisfaction of his execution levy. On the hearing the court dismissed the bill on the ground that:

"The mortgage was acquired by defendants before indebtedness to the plaintiff was incurred and there is nothing in this record to justify even a suspicion of fraudulent conduct on the part of defendants at that time."

From the decree entered the plaintiff has appealed.

Under the law prior to the statute of 1917, the burden of proving fraud was upon the plaintiff, the party alleging it. But amendatory Act No. 215, Pub. Acts 1917, provides that the plaintiff makes a *prima facie* case by introducing in evidence the judgment against the debtor, the execution and levies, and the conveyance complained of; and that then the burden of proof is upon the judgment debtor or those claiming under him to show the *bona fides* of the transaction.

The question here is whether the defendants have sustained the burden which the statute has placed upon them. In many particulars the record is very unsatisfactory. Where there plainly might have been direct evidence on certain matters material to the defense, we have nothing but circumstances from which to infer the facts. It appears that the defendants took some depositions which undoubtedly would have given the court considerable light on the transaction in question, but they are not in the record, and apparently were not introduced in evidence, though one of them is quoted in the brief of defendants' counsel. But, apart from anything shown by the depositions which we do not consider, we think there is sufficient testimony to establish good faith. There is no evidence of bad faith. The *prima facie*

showing made by the plaintiff is not evidence that the conveyance was fraudulent. It is merely a presumption created by the statute for the purpose of placing the burden of proof, or perhaps more correctly the burden of proceeding, on the defendant, who is supposed to be in a better position to show the facts. This presumption of fraud vanishes on the coming in of positive evidence of good faith. It has no evidential value, and is not to be weighed against the evidence produced by the defendant. *Gillett* v. *Traction Co.*, 205 Mich. 410.

In the instant case, the plaintiff offered no evidence in support of the presumption which the statute gave him. The question must be determined solely from the testimony of Mr. Williams, who was the only witness called by the defendants. His testimony is undisputed. It shows that about 15 years ago he sold a farm for $5,000 and deposited the money in a joint account with his wife, Flora Williams, in the First National Bank at Bay City. The title to the farm was not held jointly. He sold another place for $2,000 which he added to the joint account. A short time before January 10, 1924, he withdrew $500 from this account and loaned it to Mr. Hobart, taking as security a mortgage on the property in question in his name and his wife's jointly. The mortgage was foreclosed. At the sale the property was bid in by them jointly, and the sheriff's deed conveyed title to them as husband and wife. As bearing on the good faith of this transaction, it appears from the evidence that when they jointly acquired the mortgage, the defendant Williams did not know the plaintiff, and was not indebted to him; that Williams was not at that time financially embarrassed, but was solvent; that he subsequently opened and carried a bank account in his own name in the Farmers' Exchange Bank at

Prescott and in the Farmers' State Savings Bank at Bay City; and that he bought and conducted a coal business. The record leaves no doubt that, at the time the defendant's wife was given a joint interest in the bank account, and later, when they jointly acquired the mortgage, the defendant Williams was solvent. There is no evidence that he had any debts or that he was financially embarrassed. On the contrary, it appears that he had money to invest and that he did invest in bank stock and other securities that became worthless in his hands. By reference to the record and brief of plaintiff's counsel, it will be noted that he is not basing his right to a decree on any facts showing bad faith, but is relying on the insufficiency of defendants' showing of good faith.

We think the circuit court correctly disposed of the issue. The decree is affirmed, with costs to the defendants.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.