NORTHERN HARDWARE & SUPPLY CO. *v.* ANDERSON.

1. FRAUDULENT CONVEYANCES — PRIMA FACIE CASE — BURDEN OF PROOF.

Judgment creditor of defendant father, in suit commenced by bill in aid of execution, *held,* to have made a *prima facie* case by showing judgment, execution and levies, and conveyances to defendant son pending action in which judgment was obtained, the burden then being on defendants to show the *bona fides* of the transaction (3 Comp. Laws 1929, § 14617).

2. SAME—CONSIDERATION—INSOLVENCY—ASSIGNMENTS FOR BENEFIT OF CREDITORS.

Conveyance of land to son by father while action on note was pending against him *held,* fraudulent in suit by judgment creditor, commenced by bill in aid of execution, where con-

veyance was absolute, not made for a present fair considera-
tion, father is not claimed to have been solvent and there is
no showing that at time of conveyance son would hold or
dispose of the property for the benefit of father's creditors
(3 Comp. Laws 1929, §§ 13384, 13395, 14617).

3. EXECUTION—ENFORCEMENT OF BOND TO RELEASE LEVY.
    Judgment creditor, in suit by bill in aid of execution, *held*,
    entitled to decree enforcing bond, given by defendants to
    release execution levy after debtor's fraudulent conveyances
    of tracts of land to son and latter's sale thereof.

Appeal from Ontonagon; Driscoll (George O.), J.
Submitted January 5, 1937. (Docket No. 17, Calen-
dar No. 39,218.) Decided March 1, 1937. Rehearing
denied April 27, 1937.

Bill in aid of execution by Northern Hardware &
Supply Company, a corporation, against Robert E.
Anderson and Robert E. Anderson, Jr. Bill dis-
missed. Plaintiff appeals. Reversed.

*Meredith P. Sawyer,* for plaintiff.

*Carl O. Bay,* for defendants.

FEAD, C. J. This is a bill in aid of execution.

On note dated October 24, 1929, in action com-
menced June 21, 1930, plaintiff had judgment en-
tered March 11, 1931, against Robert E. Anderson
for $1,395.34 and costs. Prior to judgment and on
December 10, 1930, Anderson had conveyed to his
son, Robert E. Anderson, Jr., 280 acres of land,
worth about $1,000, for a claimed consideration of
$1,500, and on February 2, 1931, Anderson had con-
veyed to his son Robert 120 acres for a claimed con-
sideration of $1,000.

Plaintiff levied on the land March 27, 1931, com-
menced this suit May 18, 1931, and on January 13,
1936, defendants filed bond, dated June 23, 1931, for
$1,000 to release the levy.

June 26, 1931, Robert E. Anderson, Jr., sold the 120-acre tract with other lands, and in 1933 sold some or all of the 280 acres.

Plaintiff made a *prima facie* case under 3 Comp. Laws 1929, § 14617. The burden of proof was on defendants to show the *bona fides* of the transaction.

Defendants claim fair consideration was paid by the son before the levy by way of his paying debts of his father due other creditors and that the purpose of the transfer was to prefer and pay creditors.

As to the 280-acre parcel, the testimony is that the son paid $500 to the father and $1,000 to the latter's creditors. The testimony is very uncertain as to the time of payment because the fact is stated in a general way without specifications as to time. It is doubtful whether, in view of the burden resting on defendants, the testimony would warrant an inference that the payment was made before the son sold the property two years after the conveyance. We need not discuss this further because the 120-acre transaction is sufficient to cover the relief sought by plaintiff.

As to the 120-acre tract, it is undisputed that the son paid nothing to or for the father until after the son made the sale subsequent to plaintiff's levy. He then paid $1,000 to his father's creditors.

It is not claimed the father was solvent and, as no fair consideration, 3 Comp. Laws 1929, § 13394, was given for the property, the conveyance must be held to have been fraudulent regardless of the actual intent of the parties, 3 Comp. Laws 1929, § 13395.

Moreover, the claims that the purpose of conveyance was to conserve property for other creditors and that the conveyance was lawful under the right of the debtor to prefer his creditors are not tenable. The conveyance to the son was not to pay or secure

a debt nor does the testimony disclose any understanding or agreement that he should hold or dispose of the property for the benefit of his father's creditors. The contrary appears. The conveyance to him was absolute. The profit or loss on resale was his. The record discloses that he incurred a loss on the 280 acres and made a small profit on the 120 acres.

The testimony of the value of the 120-acre tract is not satisfactory. The only definite evidence is that the son sold it for $1,200. Plaintiff does not pray to set aside the conveyances as against grantees of the son. It asks decree which will permit enforcement of the bond given in lieu of levy. Under the circumstances, the conveyances must be held fraudulent in law and plaintiff entitled to the relief sought.

Decree dismissing the bill will be reversed and one may be entered for plaintiff in accordance with this opinion, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.