VOBLESS *v.* WEISENTHAL.

1. TENANCY IN COMMON—ACCOUNTING FOR RENTS—BURDEN OF PROOF—EVIDENCE.

In suit to set aside certain deeds and for an accounting as to rents received from the property owned by the parties as tenants in common, finding of trial court that plaintiff had failed to sustain by a preponderance of evidence his burden of proof as to any amount due beyond amount allowed is affirmed in view of the evidence produced.

2. SAME—ACCOUNTING FOR RENT—COLLECTION.

One tenant in common who managed income property may not be required to account to his cotenant for use of the property whether rent is collected or not.

3. APPEAL AND ERROR—AFFIRMATIVE RELIEF—CROSS-APPEAL.

Parties in chancery case, appealed to the Supreme Court by the opposing party, may not have affirmative relief where they do not cross-appeal. ·

4. TRUSTS—CONSTRUCTIVE TRUSTS—TITLE TO REALTY—PAROL—GIFTS.

In suit to impress a constructive trust upon an undivided one-half interest in income real estate, which plaintiff had conveyed to defendants by an unambiguous deed, because of alleged unfair and inequitable advantage taken of agency relation for collection of rents, denial of relief from gift to defendant is sustained in the absence of fraud or mistake as the title to real estate may not rest in parol nor may a trust in land be created by parol.

5. TENANCY IN COMMON—PRINCIPAL AND AGENT—ACQUISITION OF ENTIRE TITLE.

One tenant in common who collects the rents from property as agent of his cotenant would not be prevented from acquiring title to the entire fee merely because of the agency relation where it does not appear that he was acquiring title as an agent.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 12, 1940. (Docket No. 126, Calendar No. 41,065.)   Decided June 3, 1940.

Bill by August Vobless against Hyman Weisenthal and Blanche Weisenthal to set aside deeds, for an accounting and other relief.  From decree rendered, plaintiff appeals.  Affirmed.

*Adrian D. Rosen* and *Albert Summer,* for plaintiff.

*Benjamin Knoppow,* for defendants.

SHARPE, J.   This is an equity proceeding to set aside certain deeds and for an accounting as to rents received from such property.

It is the claim of plaintiff that on the 8th day of June, 1932, plaintiff and his then wife, Clara Vobless, executed a quitclaim deed of an undivided one-half interest in and to five parcels of land in Wayne county, Michigan, to the defendants, said parcels of property being hereafter described as lots No. 137, No. 77, No. 330, No. 10 and No. 116; that on the 15th day of October, 1934, plaintiff deeded to defendant Blanche Weisenthal an undivided one-half interest in and to a piece of property hereinafter known as lot No. 25 in said Wayne county, Michigan; and that at the time the above deeds were executed, plaintiff entered into an agreement with defendants whereby they were to manage the property, collect the rents, make necessary repairs and render a true and accurate account of all receipts and disbursements to plaintiff.

Plaintiff charges that defendants have failed to properly manage said properties, have failed to collect rents due, and have failed to properly account

for rents collected. Plaintiff filed a bill of complaint asking for the appointment of a receiver to collect rents and profits from said property, for an accounting of rents collected, and for a decree holding the deeds to the undivided one-half interest in said property void.

Defendants filed an answer in which they deny any mismanagement of the property or that any rents collected have not been accounted for; and assert that defendant Blanche Weisenthal is a tenant in common with plaintiff in lots Nos. 330, 137 and 77; that lots Nos. 10 and 116 were purchased by defendant Hyman Weisenthal; that lot No. 25 is owned by plaintiff and defendants as tenants in common; that in the management of the property defendants spent about $900 of their own money in order to keep the premises in good condition and to pay taxes thereon because the income from the property was insufficient for that purpose; that a proper accounting was furnished plaintiff and, at that time, plaintiff was satisfied with such accounting; and deny that plaintiff is entitled to any relief.

During the trial, it developed that on February 20, 1934, plaintiff and his deceased wife, Clara Vobless, deeded to defendant Hyman Weisenthal their remaining one-half interest in the properties known as lots Nos. 10 and 116. Plaintiff contends that the court should impress upon these properties a constructive trust in plaintiff's favor to a one-half interest and account to plaintiff for one-half of the rents and profits thereon.

The trial court found as a fact that there was no cash consideration for the transfer to the defendants of the property in question; that the consideration for the transfer of the undivided one-half interest was the agreement by the defendants to take care of the property; that the accounting furnished

plaintiff in January, 1936, was accepted by him; and that defendants shall pay to plaintiff $200 as payment in full for plaintiff's share of all moneys collected by defendants from lots Nos. 137, 77, 330 and 25. The court held that defendants had no authority to make any disbursements in excess of the income from the property and refused to allow defendants any amount in excess of what had been collected by them from the rents; and refused to impress upon lots Nos. 10 and 116 a constructive trust for one-half interest in favor of plaintiff or to compel defendant Hyman Weisenthal to account to plaintiff for his share of the rents and profits derived from said lots.

Plaintiff appeals and contends that the trial court was in error in its finding as to the amount due plaintiff from the rents and profits of the property. It appears that in January, 1936, defendants furnished plaintiff with an accounting which was satisfactory to plaintiff at that time; that plaintiff demanded and received a second accounting in January, 1937, and shortly thereafter instituted the present suit. Plaintiff urges that the accounting is not acceptable in that defendants produced no records of the rates of rental of the various flats which they were renting; produced no records showing what rents were due and unpaid; introduced no testimony concerning the specific period of time during which any of the flats were vacant; and that the book accounts failed to disclose the dates or the persons to whom expenditures were made. The record does show that items of expense such as taxes and water bills were introduced in evidence. Defendants also produced several witnesses who testified as to electrical work, plumbing, garages built, painting and repairs on one of the buildings.

The trial court said:

"I am of the opinion that while the management * * * of these properties does not come up to the standard that this court would approve, yet the management was carried on from 1932 on until 1934, * * * and apparently the entire proceeding was satisfactory to the wife of the plaintiff, the wife that is now deceased."

The trial court came to the conclusion that the testimony produced by plaintiff was so unsatisfactory it was difficult to make a finding of facts upon the material issues. We are of the opinion that the trial court made as correct a finding as was possible, considering the evidence produced. In coming to this conclusion, we have in mind that the burden of proof is upon plaintiff to establish his case with a preponderance of the evidence. We are not in accord with plaintiff's theory that defendants must account to plaintiff for the use of the property whether the rent is collected or not. Defendants not having filed a cross-appeal may not receive any affirmative relief.

It is also urged that the trial court erred in failing to impress upon lots Nos. 10 and 116 a constructive trust in favor of plaintiff for one-half interest. The trial court found that there was no money paid by defendant for the deeds to the remaining one-half interest in the two lots, but refused to set them aside on the theory that they were a gift by plaintiff to defendant and refused to impress a constructive trust upon them in favor of plaintiff.

It is urged by plaintiff that the time he deeded to defendant Hyman Weisenthal the remaining one-half interest in these two parcels of property, there existed a relationship of trust between the parties which precluded the defendant Hyman Weisenthal from

obtaining from the plaintiff an unfair and inequitable advantage. It appears that when the remaining one-half interest in lot No. 116 was deeded to defendant, it was incumbered with a mortgage given to the Detroit Savings Bank in 1923. The amount of said mortgage or the remaining balance is not in the record produced in this case.

It is the general rule that title to real estate may not rest in parol. Nor may a trust in land be created by parol. *Rothschild* v. *Dickinson*, 169 Mich. 200; *Funk* v. *Engel*, 235 Mich. 195. In the case at bar the deeds to lots Nos. 10 and 116 are unambiguous and in the absence of fraud or mistake may not be set aside by parol testimony. *Ogooshevitz* v. *Arnold*, 197 Mich. 203; *Elson* v. *Elson*, 245 Mich. 205.

The trial court in its opinion stated:

"The burden is upon the plaintiff to show facts from which the court could find the defendant to be a trustee of a half interest in lots 10 and 116. This has not been done. To merely claim agency, and say that the agent cannot acquire title to the half interest, is not the law. * * * The fact that the defendant was an agent collecting rents would not prevent the transfer of title to that party of the entire fee in the premises. It did not appear that the agent was acquiring title as an agent."

See *Stephenson* v. *Golden*, 279 Mich. 710.

The record supports the finding of facts made by the trial court and we are in accord with his conclusions of law. The decree of the trial court is affirmed, with costs to defendants.

BUSHNELL, C. J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.