HOWE *v.* WEBERT.

1. FRAUDULENT CONVEYANCES—PRIMA FACIE CASE—BURDEN OF PROOF.
   The burden of proof is on the defendant in proceedings by bill in aid of execution after plaintiff has made a prima facie case by putting in evidence the judgment with levy indorsed thereon and proof of conveyance complained of (CL 1948, § 623.82).

2. PARTNERSHIP—DISSOLUTION—OWNERSHIP OF ASSETS.
   Assets of a partnership become the individual assets of the former partners upon dissolution of the firm.

3. FRAUDULENT CONVEYANCES—FINDING OF COURT—EVIDENCE—OWNERSHIP.
   Finding of trial court that former partner had no beneficial interest in parcels of real estate conveyed to corporation and which conveyances left him insolvent *held,* contrary to the facts in proceeding by bill in aid of execution (CL 1948, § 623.82).

4. SAME—FINDING OF COURT—EVIDENCE—TRUSTS.
   Finding of trial court in proceedings by bill in aid of execution that defendant grantor had held title to real estate in trust for so-called partnership before it was incorporated *held,* not sustained by record whether the trust be an express or a resulting trust.

5. TRUSTS—PAROL EVIDENCE.
   A trust in real estate cannot be established by parol evidence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 8] 24 Am Jur, Fraudulent Conveyances §§ 217, 218.
[2] 40 Am Jur, Partnership § 265.
   Partner's lien on or interest in assets of partnership as affected by dissolution agreement. 43 ALR 95.
[5] 54 Am Jur, Trusts § 612.
[7] 3 Am Jur, Appeal and Error § 815.

6. Fraudulent Conveyances — Consideration — Evidence — Judgment.

Transfers of real estate, individually owned by the grantor, to defendant corporation, which left the grantor insolvent, *held*, to have been made without a valid consideration under evidence produced, hence, fraudulent, inasmuch as plaintiff's judgment was in full force and effect (CL 1948, § 566.14).

7. Appeal and Error—Supreme Court—Chancery Cases—De Novo Review.

The Supreme Court hears chancery cases *de novo* and has the duty to weigh all the evidence and reach an independent conclusion.

8. Fraudulent Conveyances—Burden of Proof—Execution—Consideration.

Judgment debtor failed to meet his burden of proof that his conveyances of real estate to defendant corporation, executed while plaintiff's judgment was in full force and effect and which left him insolvent, were in all respects bona fide, especially where evidence shows that the corporation and an antecedent partnership, so-called, were used to keep defendant grantor execution proof and that corporation never gave a valid consideration for the conveyances (CL 1948, § 623.82).

9. Execution—Exemption.

Decree setting aside fraudulent conveyances of judgment debtor in proceeding by bill in aid of execution, is made subject to the grantor's exemption rights (CL 1948, §§ 566.14, 623.82).

Appeal from Ionia; Davis (Morris K.), J. Submitted October 5, 1951. (Docket No. 50, Calendar No. 45,177.) Decided January 7, 1952.

Bill by Herbert E. Howe, administrator of the estate of Lina Howe, against Lewis G. Webert and others in aid of execution. Decree for defendants. Plaintiff appeals. Reversed and decree entered for plaintiff.

*Gregg, Thompson, Glassen & Parr,* for plaintiff.

*Warner & Hart,* for defendants.

Sharpe, J. Plaintiff, as administrator of the estate of Lina Howe, a judgment creditor of defendant Lewis G. Webert, filed a bill of complaint under CL 1948, § 623.82 (Stat Ann § 27.1581), to set aside 2 conveyances of real estate. Both conveyances were made by defendant Lewis G. Webert to defendant Portland Equipment Company, a Michigan corporation, on January 30, 1948.

The record shows that in 1932 or 1933 plaintiff's decedent secured a judgment against defendant Lewis G. Webert. The judgment was renewed October 27, 1942, in the amount of $13,704.73. The 2 conveyances which plaintiff seeks to set aside are referred to herein as the electric park property and the store property. The electric park property contains 2 houses, one of which has been the home of Lewis G. Webert since 1937. The other is now occupied by Lewis G. Webert's son, Donald. In addition to the 2 houses, the property contains some pasture land and a barn used for storage of farm machinery. The store property is land in the village of Portland upon which the buildings of the Portland Equipment Company are located. Improvements made upon the electric park property are in excess of $12,000 and improvements on the store property are in excess of $17,000.

The record shows that on February 10, 1940, defendant Lewis G. Webert and Dean E. Webert filed a certificate of persons conducting business under an assumed name designated as Muir Farm Equipment Company. This certificate was cancelled February 21, 1942, at which time a similar certificate was filed with the county clerk in which the same parties designated their business name as the Portland Equipment Company.

The record also shows that in 1926, defendant Lewis G. Webert acquired the electric park property, taking title to the same jointly with his then

wife, Mabel; that in 1929, defendant and Mabel Webert were divorced and the property, through the divorce proceedings, was conveyed to Mabel Webert (Nyman) who held title to the property until May 6, 1938, when she conveyed to defendant and his then wife, Ethel M. Webert. On May 10, 1930, while title to this property was in the name of Mabel Webert, defendant and wife, Ethel, mortgaged it to George H. Coe in the amount of $800. On March 19, 1940, Coe and wife, by quitclaim, deeded the property to defendant Lewis G. Webert and wife, Ethel. On August 11, 1943, Lewis G. Webert and wife, Ethel, by quitclaim, conveyed the property to Fred Huey, a widower, who on the same day conveyed the property to Ethel M. Webert. On January 5, 1946, Lewis G. Webert and wife, Ethel M. Webert, conveyed the property to Ruth Richards, who on the same date reconveyed the property to Lewis G. Webert and wife, as tenants by entireties. On January 8, 1948, Ethel M. Webert died and on January 30, 1948, Lewis G. Webert, as survivor, conveyed the property to defendant Portland Equipment Company, a corporation. This property is still assessed to L. G. Webert and Mabel C. Webert and does not appear as an asset in any of the so-called partnership's financial statements.

The store property was conveyed to Lewis G. Webert and wife, Ethel Webert, on January 14, 1942. The purchase price of $550 was paid by checks of the Muir Farm Equipment Company. Conveyances of this property are identical as to dates and parties as the electric park property; and on January 30, 1948, it was conveyed by defendant Lewis G. Webert to Portland Equipment Company, a corporation. This property was assessed to Lewis Webert and carried as an asset in the annual statements of the Portland Equipment Company. Neither of the above properties was listed as an

asset of the corporation when formed February 24, 1947. The first time that the store property was carried as an asset of the corporation was in a corporate statement for the year ending October 31, 1948. The record does not show that the electric park property was ever carried as a corporation asset.

When the corporation was organized, its stock was divided as follows:

| | Preferred | Common |
|---|---|---|
| Lewis G. Webert and Ethel M. Webert (joint) ..... | 135 | 17 |
| Dean E. Webert ............. | 110 | 17 |
| Donald Webert ............. | 5 | 17 |

No stock certificates of the corporation have been issued, nor has the estate of Ethel M. Webert been probated. The corporation did not pay any of the expenses of the purchase price or improvements of either of the properties. Lewis G. Webert has never been paid a salary by the corporation, nor does he have a bank account. The corporation pays all taxes and personal bills of Lewis G. Webert and family. Defendant Lewis G. Webert apparently has authority to pay any bill out of the corporation funds including the necessary expense of supporting his 2 minor daughters. After the conveyances to the corporation in 1948, a trust fund for the 2 minor daughters was set up by the corporation.

Defendants filed an answer to plaintiff's bill of complaint in which it is alleged that Lewis G. Webert is insolvent; that company moneys paid the purchase price and cost of improvements on the property involved; and that defendant Lewis G. Webert held the property as trustee for the corporation by virtue of an agreement with his wife, Ethel, and 2 sons.

The cause came on for trial and evidence was introduced tending to sustain the facts heretofore

related. At the trial, plaintiff introduced in evidence the judgment, execution and proof of levies on the 2 parcels of real estate, and the deeds of January 30, 1948, from defendant Lewis G. Webert to defendant corporation. Plaintiff then rested his case.

The trial court held that the conveyances of the real property to the corporation were not fraudulent because Lewis G. Webert held the real estate in trust for defendant corporation and dismissed plaintiff's bill of complaint. We quote the following from the trial court's opinion:

"It is undisputed, and I find the facts to be that a mortgage under foreclosure on the electric park property was redeemed by funds of the Muir Farm Equipment Company; that in addition to payment of the mortgage, this and the successor companies spent $12,415.72 in additions and alterations to cottages which became the homes of Lewis and Don Webert. I further find that none of the personal funds of Lewis Webert went into any of these payments.

"It is undisputed, and I find the facts to be that the store lots were purchased by the funds of Muir Equipment Company, and that none of the purchase money belonged to Lewis Webert. I further find that the Muir Equipment Company and successor companies erected buildings on the store lots at a cost of $17,421.57; that none of these moneys, or any part thereof, belonged to Lewis G. Webert.

"I further find that both parcels of land were held by Lewis G. Webert and Ethel Webert, not as owners, but in trust for the Portland Equipment Company Incorporated which is the successor of the Muir Equipment Company.

"I further find that the conveyances here attacked were not fraudulent but that they were conveyances back to the real owner."

Plaintiff appeals and urges that defendant Lewis G. Webert did not hold the real estate in trust for the defendant corporation; while defendants claim that such transfer was pursuant to an oral agreement made in 1940 between him, his wife, Ethel Webert, and his sons, Dean and Donald.

Lewis G. Webert testified:

"*A.* Well, there was just an understanding that if anything happened to either her or myself at that time it was to be deeded to the corporation and a trust fund set up for the girls, for their support and education.    *    *    *

"That in the case of the death of either one of us the property was to be deeded to the corporation or the partnership, if it was a partnership at that time, and a trust fund set up for the girls with the survivor acting as trustee."

Plaintiff's counsel objected to the admission of this testimony and asked that it be stricken. The trial court did not rule upon this motion, but in his opinion apparently considered this testimony as proof of the creation of the trust.

The procedure followed by plaintiff in the trial of the instant case is outlined in CL 1948, § 623.82 (Stat Ann § 27.1581), which provides in part:

"In all suits begun or hereafter to be begun by the filing of bills in aid of execution, the complainant shall make a prima facie case by introducing in evidence the judgment against the principal defendant, the execution with the levy or levies thereon indorsed and proof of the conveyance or conveyances complained of. The burden of proof shall then be upon the judgment debtor, or the person or persons claiming through or under him or the person or persons whom it is claimed are holding property in trust for said judgment debtor to show that the transaction or transactions are in all respects bona fide or that such person or persons are not holding as a trustee or trustees of said judgment debtor."

In proceedings by bill in aid of execution, the burden of proof is on the defendant, after plaintiff has made a prima facie case by putting in evidence the judgment with levy indorsed thereon and proof of conveyance complained of. See *Northern Hardware & Supply Co.* v. *Anderson,* 279 Mich 159; *Emery* v. *Tant,* 295 Mich 669; *Albers* v. *Taft,* 287 Mich 283; *Corbett* v. *Williams,* 248 Mich 541. Plaintiff having made a prima facie case under the statute, did defendants introduce clear, positive and credible evidence that the transfers were in every respect *bona fides?* The record shows that Lewis G. Webert conveyed the 2 parcels of real estate in question to the Portland Equipment Company, a corporation, on January 30, 1948, and at a time when plaintiff's judgment was in full force and effect. The record fails to affirmatively show any consideration for such conveyances.

Section 566.14, CL 1948 (Stat Ann § 26.884), provides:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

The trial court held that the parcels of real estate were held by Lewis G. Webert and Ethel Webert, not as owners, but in trust for the Portland Equipment Company, Inc., successor to the Muir Farm Equipment Company.

The assumed name certificates for the Muir Farm Equipment Company and the Portland Equipment Company lists Lewis G. Webert and Dean E. Webert as the parties who own and conduct said business. It appears that during the time the Muir Farm Equipment Company operated there were no com-

pany books, only check stubs and cancelled checks
and it is also apparent that when the business was
moved from Muir to Portland the business was
operated under the assumed name of Portland
Equipment Company. It is also evident that a sys-
tem of bookkeeping was set up in 1941 or 1942 after
R. C. Lynn, a certified public accountant, began mak-
ing income tax returns and annual reports. The
report for January 1, 1942, to October 31, 1942,
shows the net value of land and buildings in the
amount of $2,488.08 and a "net partnership operat-
ing gain" of $6,644.74. The annual report for the
year ending October 31, 1944, shows the net value
of land and buildings in the amount of $3,712.36 and
a "net partnership operating gain" of $7,542.57. The
report for October 31, 1945, shows land and build-
ings in the amount of $16,082.18 and a "net partner-
ship gain" for year of $12,778.93.

The assumed name certificates of Muir Farm
Equipment Company and Portland Equipment Com-
pany list Lewis G. Webert and Dean E. Webert as
owners without showing the interest of either in the
business. The reports filed and books kept indicate
that before incorporation, the business was con-
ducted as a partnership, but the record does not
show any partnership agreement either written or
oral. Dean Webert was paid a salary for services
rendered, while Lewis G. Webert never drew a sal-
ary. Moreover, there never was any distinction
between personal funds and business funds as far
as Lewis G. Webert was concerned as expenditures
for business purposes and personal expenses were
all taken from company funds. While the so-called
partnership existed, the parcels of real estate in
question were carried in the names of Lewis G.
Webert and Ethel Webert, his wife. It follows that
if the business was a partnership or a concern do-
ing business under an assumed name, upon dissolu-

tion its assets would become the individual assets of its former owners. See *Vanderplow* v. *Fredricks,* 321 Mich 483. The record contains no evidence that all of the assets existing before incorporation were transferred to the corporation. Ray C. Lynn, the accountant, testified, while referring to the articles of incorporation and first and second annual report of the corporation, "There is nothing here to indicate that all the land and buildings of the partnership went into the corporation, however."

It clearly appears that Lewis G. Webert had the largest interest in the so-called partnership; and that the 2 parcels of real estate involved were not considered as corporate assets upon incorporation. It follows that the finding of the trial court that Lewis G. Webert had no beneficial interest in the parcels of real estate conveyed to the corporation is contrary to the facts.

The trial court found as a fact that Lewis G. Webert held title to the real estate in trust for the Portland Equipment Company prior to its incorporation. The record fails to show that an express trust was intended or created, whereby Lewis G. Webert would be trustee of the parcels of real estate and the Portland Equipment Company would be the beneficiary. The testimony of Lewis G. Webert heretofore reported was to the effect that there was an understanding in 1940 that if anything ever happened to his wife or himself the parcels were to be deeded to the corporation or partnership and a trust fund set up for the girls, with the survivor acting as trustee. In considering this claim we have in mind that the corporation did not furnish any of the funds for the purchase of the real estate or for the construction and improvement of the buildings located thereon. It is the rule in

Michigan that a trust in real estate cannot be established by parol evidence. See *Funk* v. *Engel,* 235 Mich 195; *Hacker* v. *Hacker,* 287 Mich 435; and *Vobless* v. *Weisenthal,* 293 Mich 565. Nor is there any evidence showing a breach of fiduciary duty as between Lewis G. Webert and the corporation upon which to predicate a resulting trust. See *Hacker* v. *Hacker, supra.* It must necessarily follow that the trust theory is not supported by any competent evidence.

We also note that the record fails to show that any consideration was given for the conveyance of January 30, 1948, at that time, nor can it be said that Lewis G. Webert's shares of stock in the corporation were intended as consideration for the parcels conveyed. The articles of incorporation show a paid-in capital of $25,051 with Lewis G. Webert and Ethel Webert being listed as owners of $13,517 worth of stock. The first annual report of the corporation fails to list any real estate among its assets, but does list personal property of the value of $30,649.30. It would appear that business equipment and inventories of personal property were transferred to the corporation in exchange for shares of stock to be issued to Lewis G. Webert and Ethel Webert and other incorporators. In our opinion there was no valid consideration for the transfer of the real estate to the corporation.

While it is not contended that defendant corporation was initially organized for the purpose of defrauding creditors, yet there is evidence that the Muir Farm Equipment Company, the Portland Equipment Company and the Portland Equipment Company, Inc., were used to keep defendant Lewis G. Webert execution proof.

The record fairly shows that the Muir Farm Equipment Company and Portland Equipment Company, whether a partnership or a business conducted

under an assumed name, were identical, with the name changed because the business was moved from Muir to Portland; that upon the dissolution of the business of the so-called partnership, the assets of the business were then individually owned by Lewis G. Webert and Dean Webert; that when the corporation was formed there was no intention to include the real estate as that was then jointly owned by Lewis G. Webert and Ethel Webert; and that on January 30, 1948, there was no consideration for the transfer of such property to the corporation. We are not unmindful of the fact that from the time of the formation of the Muir Farm Equipment Company to the date of the transfer of the real estate in question, the business, including the corporation, paid all of Lewis G. Webert and family's personal expenses; that Lewis G. Webert was paid no salary and kept no personal bank account; and that shortly after the death of his wife Ethel, defendant Lewis G. Webert transferred the real estate to the corporation, all of which indicates a plan to keep himself execution proof.

We hear chancery cases *de novo.* It is our duty to weigh all the evidence and reach an independent conclusion. Having done so we come to the conclusion that defendant Lewis G. Webert has failed to meet the burden of proof of showing that the transactions were in all respects bona fide. The decree of the trial court is reversed and a decree will be entered setting aside the 2 conveyances of January 30, 1948, subject to the exemption rights of Lewis G. Webert. Plaintiff may recover costs.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.