FLOYD v. ROBERTS.

1. FRAUDULENT CONVEYANCES — PRIMA FACIE CASE — BURDEN OF PROOF.

The burden of proof in proceedings by bill in aid of execution is on the defendants after plaintiff has made a prima facie case by putting in evidence the judgment with levy indorsed thereon and proof of conveyances complained of (CL 1948, § 623.82).

2. SAME—DEFENDANT'S BURDEN OF PROOF—EVIDENCE—GRANTOR'S CONTINUED MANAGEMENT OF PREMISES.

Defendant grantor and grantees in suit commenced by bill in aid of execution failed to sustain their burden of proof that questioned conveyances were bona fide, where record shows the grantor was the sister of the grantees, that neither grantee took the stand to protect the property they claim and that after the conveyances had been executed the grantor managed and treated the property as her own by way of evicting tenants and making settlement of litigation (CL 1948, § 623.82).

3. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—EVIDENCE.

The Supreme Court hears chancery cases *de novo*, weighs the evidence and reaches an independent conclusion.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 13, 1953. (Docket No. 42, Calendar No. 45,674.) Decided March 10, 1953.

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Creditors' Bills §§ 30, 133.
   Generally as to proceedings supplementary to execution, see 21 Am Jur, Executions § 657 *et seq.*
[2] 14 Am Jur, Creditors' Bills § 134.
[3] 2 Am Jur, Appeal and Error § 2; 3 Am Jur, Appeal and Error § 815.

·. Bill by Eddie Floyd against Verna Roberts and others in aid of execution to set aside certain conveyances of real estate. Decree setting aside deeds to Sade B. Roberts and Moncie A. Roberts. They appeal. Affirmed.

*Harry B. Letzer* and *Meyer Weisenfeld,* for plaintiff.

*Charles Bowles,* for defendants.

SHARPE, J. Plaintiff, Eddie Floyd, filed a bill in aid of execution by virtue of CL 1948, § 623.82 (Stat Ann § 27.1581), against Verna Roberts, also known as Verna Snell, and as Blanche Snell; Sade B. Roberts and Moncie A. Roberts.

The bill of complaint was filed June 22, 1950, and alleges that on January 17, 1950, plaintiff, Eddie Floyd, recovered a judgment in an action of assumpsit in the common pleas court for the city of Detroit against Verna Roberts for the sum of $1,500 damages and $3.50 court costs; that subsequently, plaintiff caused a transcript of said judgment to be filed in the circuit court of Wayne county; that on May 22, 1950, plaintiff caused to be issued out of the circuit court of Wayne county a writ of execution and levied on 2 parcels of real estate in the city of Detroit. At the time of the levy, the record title of 1 parcel of real estate was in the name of defendant, Moncie A. Roberts, by virtue of a warranty deed purported to be executed on June 2, 1949, and recorded September 17, 1949. The other parcel of real estate was in the name of defendant, Sade B. Roberts, by virtue of a warranty deed purported to be executed June 2, 1949, and recorded January 14, 1950.

The bill of complaint was filed for the purpose of setting aside said deeds. Both of the appellants,

Moncie A. Roberts and Sade B. Roberts, who are brother and sister reside in Kentucky, filed answer to plaintiff's bill of complaint and allege that all of the interest of defendant, Verna Roberts, was transferred to each of the defendants for a good and valuable consideration. Defendant, Verna Roberts, also filed an answer to plaintiff's bill of complaint, in which she admits that the judgment against her is unpaid, but asserts that the transfer of property to her brother and sister was for a valuable consideration. The cause came on for trial, but prior to the taking of testimony, it was agreed between the attorneys for the respective parties that on January 17, 1950, a judgment in the amount of $1,500 and $3.50 costs, was taken in the common pleas court, which was removed by transcript to the circuit court of Wayne county, on May 16, 1950, and an execution issued thereon and a return made *nulla bona,* and that said judgment still remains in full force and effect. Plaintiff introduced in evidence the record of transfers of the properties to Moncie A. Roberts and Sade B. Roberts, and after the testimony of 2 witnesses was taken rested his case.

The appellants then offered as witnesses, Mrs. Maderal Edison, a public stenographer and notary public. She testified that the deeds were acknowledged June 2, 1949, but had never seen the grantor prior to that time. Defendant, Verna Roberts, testified that the deeds were signed and acknowledged by her on June 2, 1949; that on that date she had no creditors and did not meet plaintiff, Eddie Floyd, until October, 1949.

In proceedings by bill in aid of execution, the burden of proof is on the defendants, after plaintiff has made a prima facie case, by putting in evidence the judgment with levy indorsed thereon and proof of conveyances complained of. See *Northern Hard-*

*ware & Supply Co.* v. *Anderson,* 279 Mich 159; *Emery* v. *Tant,* 295 Mich 669; *Albers* v. *Taft,* 287 Mich 283; *Corbett* v. *Williams,* 248 Mich 541; and *Howe* v. *Webert,* 332 Mich 84. In the case at bar, plaintiff having made a prima facie case under the statute, did defendants introduce clear, positive and credible evidence that the transfers were in every respect *bona fides?*

The trial court entered a decree setting aside the transfers and in an opinion stated:

"I am of the opinion that the notary public who took the acknowledgments on the deeds did not remember them. She was the only witness produced on that point, and she said she had no independent recollection of the matter at all. She testified that she did not know the persons whose acknowledgment she took. The deeds were in different names. One deed was in the name of Verna Roberts and the other Blanche Snell. She testified she did not make any inquiry about it when she found the deeds were in different names. * * *

"There is no testimony by any witness that the deeds were executed on June 2, 1949, except the testimony of Verna Roberts, or Verna Snell, whichever you want to call her, and her testimony certainly is unreliable. She did not tell the truth in all the time she was on the stand. She lied from the start to the finish. She is living in the property, collecting the rents, and treating it as her own, and has all the time. She has never made any accounting. She did not bring in her income tax records. It is useless to go into her testimony. It is just perjury. She ought to go to jail for perjury.

"I do not believe the deeds were ever executed with any intention of conveying that property to anyone. The situation is that the only ones that could be hurt, Moncie Roberts and Sade Roberts, won't even take the stand to protect the property that they claim is their's, and he sat in court all the time

the trial was on. He just won't take the stand and commit perjury like she did.

"As I say, I do not think the deeds were executed the day that they are claiming they were. It is true that 1 of them was executed before, September 17, 1949, but in my opinion not one of them was executed with any intention of conveying any title to any property."

Plaintiff urges that the conveyances were not executed on the date recited therein. It appears that the notary public had no independent recollection of the execution acknowledgment, other than her name appears thereon. She testified:

"*The Court:* The question is, do you remember notarizing it on that date?

"*A.* How could I say I remember that particular date? * * *

"*Q.* Does it refresh your memory any to look at that as to who executed it?

"*A.* No, I did so many. * * * I never saw the grantor in that deed, Blanche Snell, before the time I signed. * * *

"*The Court:* Do you remember whether that is the correct date you signed it?

"*A.* Well, I may not always notarize them the same date."

Plaintiff also urges that there was no intention that the conveyances were meant to operate as transfers of title. There is evidence that after the alleged transfers were made, defendant Verna Roberts continued to operate, manage and treat the property as her own in all respects as before the date of the alleged transfers. She began actions before circuit court commissioners for eviction against tenants, in which she signed the complaint as owner. She filed no report of the sale of these properties when she filed her income tax return and when sued for overcharges, made settlement in her

own name. In the case at bar, there is a serious question as to when the conveyances were actually made or made with any intention of conveying the property.

Under the circumstances in this case, the burden of proving these issues rests upon the defendants. We note that Moncie A. Roberts was in the court-room during the trial, but was not called as a witness. The trial court found that defendants had not sustained the burden of proving the issues involved. We hear chancery cases *de novo*. It is our duty to weigh all the evidence and reach an independent conclusion. Having done so, we come to the same conclusion as did the trial court that defendants failed to show that the conveyances were in all respects bona fide.

The decree of the trial court is affirmed, with costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.