ZDERO *v.* BRIGGS MANUFACTURING COMPANY.

1. EQUITY—REMEDY—DISMISSAL OF BILL.

Plaintiff's claim that he was denied an existent equitable remedy *held,* untenable, where his bill of complaint was entertained and not dismissed until after he had concluded his proofs.

2. SPECIFIC PERFORMANCE—DISCRETION OF COURT.

Specific performance is an equitable remedy, not one of right, but of grace and rests in the sound discretion of the trial court, which is to be exercised in the light of the facts of the case.

3. SAME—BURDEN OF PROOF—EVIDENCE.

The plaintiff in a suit for specific performance has the burden of showing by clear and convincing proof that his contract had been breached by the defendants and that he had fully performed his part or was excused on some legal ground from such performance.

4. LABOR RELATIONS—SENIORITY RIGHTS—CONTRACTS—UNIONS.

Seniority rights are not inherent in employment, but exist solely by virtue of a contract, either between the employer and his employees or a union acting in their behalf and are subject to such contracts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 122.
[2] 49 Am Jur, Specific Performance § 8.
[3] 49 Am Jur, Specific Performance § 167.
[4] 31 Am Jur, Labor § 17.
[5] 41 Am Jur, Pleading § 198.
[6] 19 Am Jur, Equity § 278.
[7] 3 Am Jur, Appeal and Error § 567.
[8] 31 Am Jur, Labor § 117.
[9] 31 Am Jur, Labor § 66.
[9] Controversy within labor union regarding seniority rights as subject of litigation in civil courts.   142 ALR 1055.

5. PLEADING—FAILURE TO DENY ALLEGATION CONSTITUTES AN AD-MISSION.

The failure to deny an allegation in defendant's answer constitutes an admission thereof by plaintiff (Court Rule No 24, § 1 [1945]).

6. EQUITY—WELL-PLEADED FACTS—BILL—ANSWER—MOTION TO DIS-MISS—ADMISSIONS.

All properly alleged facts in a bill of complaint and uncontroverted facts well pleaded in defendant's answer are to be taken as admitted and considered in deciding a motion to dismiss the bill.

7. APPEAL AND ERROR—RECORD.

The Supreme Court bases its conclusions on appeal upon the record before it.

8. SPECIFIC PERFORMANCE—LABOR RELATIONS—SENIORITY RIGHTS—EVIDENCE.

Plaintiff in suit for specific performance of his contract of employment and for reinstatement to his former or similar employment, with full seniority rights *held,* not entitled to such relief, where there is evidence that following termination of his disability from injury for which he had beeen paid workmen's compensation he had not made his request for re-employment within the requisite time, no evidence of breach of contract by either the employer or unions was involved nor proof of exhaustion of remedies with the union made before filing of bill of complaint.

9. LABOR RELATIONS—COURTS—UNION OFFICERS—BAD FAITH—NEG-LIGENCE.

Courts do not interfere with the acts of officers of labor unions without proof that such officers acted in bad faith or in an arbitrary or negligent manner.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 6, 1953. (Docket No. 15, Calendar No. 45,692.) Decided December 29, 1953.

Bill by Frank Zdero against Briggs Manufacturing Company, a corporation, and Local Unions Nos. 212 and 742, United Automobile, Aircraft and Agricultural Implement Workers of America, both unincorporated associations, to enforce reinstatement in

employment with full seniority rights, for specific performance of employment contract and assessment of damages for violation. Bill dismissed. Plaintiff appeals. Affirmed.

*Heal, Deeley, LoCicero & Wilke,* for plaintiff.

*Monaghan, Hart & Crawmer,* for defendant Briggs Manufacturing Company.

*Rothe, Marston, Bohn & Mazey,* for defendant Local Union No. 212.

*Ralph R. Goldsmith,* for defendant Local Union No. 742.

BUSHNELL, J.    Plaintiff Frank Zdero was in the employ of defendant Briggs Manufacturing Company from January, 1923, to September 1, 1942. In 1936 he joined defendant Local Union No. 212 (UAW-CIO) and in 1942 he was transferred to another Briggs plant where defendant Local Union No. 742 (UAW-CIO) was the exclusive bargaining agent.

On September 1, 1942, Zdero was injured and was paid compensation at the rate of $18 per week, until January 12, 1943. The agreement covering this compensation was approved by the department of labor and industry.

All of the necessary facts pertaining to the compensation proceedings appear in the record by stipulation between the parties. The opinion of the commission, which is appended thereto, refers to the fact that the medical testimony conclusively shows that plaintiff was able to return to work, despite his claim to the contrary, and was unwilling to do so.

Zdero was removed from the Briggs pay roll on May 14, 1943, because of his refusal to accept offered employment. At the time of his discharge a collec-

tive bargaining agreement, dated November, 1942, was in effect between both of the local unions and the defendant company. This agreement established seniority rights, grounds for forfeiture thereof, and a grievance procedure for adjustment of differences between the company and employee members of these unions

After futile attempts to subsequently obtain re-employment at Briggs, Zdero enlisted the aid of the local unions to help him get back on the job, but those efforts were unsuccessful. On October 9, 1947, plaintiff, accompanied by the president of Local No. 212 and another union official, met with the representatives of Briggs regarding Zdero's reinstatement. A letter from the president of Local No. 212 to the president of Local No. 742, dated October 10, 1947, states that Briggs would not reinstate Zdero and Local No. 742 was requested to initiate grievance proceedings in his behalf. On August 18, 1948, more than 5 years after his discharge, Zdero brought suit in equity for specific performance of his contract of employment and for reinstatement to his former or similar employment, with full seniority rights. At the close of plaintiff's proofs the motions of the several defendants to dismiss were granted.

Appellant's argument that he was denied an existent equitable remedy is untenable. The trial court entertained his bill of complaint, denied defendants' earlier motions to dismiss on the pleadings, and only acted after plaintiff had concluded his proofs.

The decisive question is whether Zdero established a *prima facie* case for equitable protection of his seniority rights and proved his damages for the claimed breach of his employment contract, both against defendant company and defendant unions.

Specific performance is an equitable remedy, is not one of right, but of grace. It rests in the sound discretion of the trial court, which is to be exercised in

the light of the facts of the case. *Ressler* v. *O'Malley,* 328 Mich 331; *Fisk* v. *Fisk,* 328 Mich 570; and *Rex Oil & Gas Co.* v. *Busk,* 335 Mich 368. The burden rested upon the appellant to show by clear and convincing proof that his contract had been breached by the defendants and that he had fully performed his part thereof or was excused on some legal ground from such performance. *Saari* v. *George C. Dates & Associates,* 311 Mich 624.

Seniority rights are not inherent, but exist solely by virtue of a contract, either between the employer and his employees or a union acting in their behalf. These rights are subject to the terms and conditions of the contract, and in this instance their benefits inure through the union to its members. See *Ryan* v. *New York Central Railroad Co.,* 267 Mich 202.

Article 4, § 8 of the agreement, which was in effect at the time of Zdero's discharge, reads in part:

"Seniority rights shall be forfeited if an employee is absent over 18 months, quits of his own accord, or is discharged, or refuses to return to work when called."

Defendant Briggs in its answer to plaintiff's bill of complaint avers that:

"On and after January 12, 1943, plaintiff was offered employment similar in nature to that formerly held by him and which plaintiff was able to perform; that he continuously refused to accept such employment. Thereafter, on May 14, 1943, because of plaintiff's refusal to accept such employment, his name was removed from the payroll of defendant."

Plaintiff's failure to deny this allegation is an admission thereof. *Neada* v. *State Farm Life Insurance Co.,* 324 Mich 233; Court Rule No 24, § 1 (1945).

On a motion to dismiss a bill of complaint all properly alleged facts are to be accepted as true; and uncontroverted facts well pleaded in defendants' an-

swer must be taken as admitted and considered in deciding the motion. *Grevnin* v. *Collateral Liquidation, Inc.,* 302 Mich 274, and *Terranova* v. *Cottrell Block Construction Co.,* 302 Mich 417.

We base our conclusions on appeal upon the record before us. *Howe* v. *Webert,* 332 Mich 84; *Henning* v. *McEuen,* 332 Mich 104; *Floyd* v. *Roberts,* 335 Mich 696.

The record is barren of any evidence showing that Zdero made his request for reemployment within the requisite time, nor does it show to whom any requests were made. We find no breach of contract by defendant Briggs Manufacturing Company nor any failure on the part of the respective local unions to do all in their power to aid and assist Zdero in securing reinstatement. There is a complete absence of any testimony indicating that the defendants, Local Unions Nos. 212 and 272, acted in bad faith or in an arbitrary or negligent manner. Courts of equity, without such proofs, do not interfere with the acts of the officers of labor unions. *Hartley* v. *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees,* 283 Mich 201; *Mayo* v. *Great Lakes Greyhound Lines,* 333 Mich 205. See, also, *Ryan* v. *New York Central Railroad Co., supra,* and citations therein. Furthermore, although we may assume that plaintiff exhausted his remedies within the union before he filed his bill of complaint, there is no proof of this prerequisite to equitable action.

There is nothing in this record which requires reversal of the decree of the trial judge. It is affirmed, with costs to appellees.

DETHMERS, C. J., and ADAMS, CARR, SHARPE, BOYLES, and REID, JJ., concurred.

BUTZEL, J., did not sit.